# EXPARTE JEWETT.

1. Where it is manifestly for the interest of an infant, a Court of Chancery will authorise a sale of its real estate; but before it will do so, the facts which render the sale necessary must be alleged and proven, that the Chancellor may clearly see that the interest of the infant will be thereby promoted.

2. The removal of the trustee and infant beyond the limits of the State is not in itself sufficient to induce a Court of Chancery to order a sale of the real estate of the infant.

Error to the Chancery Court of Mobile. Before the Hon. Joseph W. Lesesne, chancellor.

Lockwood, for plaintiff.

DARGAN, J.—The plaintiff filed his petition in the Chancery Court of Mobile, alleging that Hezekiah Gates in the year 1841 conveyed to him a lot of land in the city of Mobile, for the sole use and benefit of Adele Gates, the wife of the grantor, and their children, but that the deed contains no power of sale. That Mary Gates and Ada Gates, who are infants, are the only children of Adele and Hezekiah Gates. It is also alleged that since the making of the deed, Hezekiah Gates, his wife and children, have removed to the state of Iowa, where they intend permanently to reside, and the petitioner to the State of Ohio, in consequence of which it has become difficult to attend to the property; and that owing to this change of circumstances, it is greatly to the interest of the beneficiaries, that the property should be sold and the proceeds converted into other property, to be appropriated in like manner to their use; and the petition concludes with a prayer for a decree, authorising the petitioner to sell the property, and that the proceeds be received either by him or by Hezekiah Gates and his wife. The deed refered to is attached as an exhibit, and affidavits in support of the petition were also submitted with the written consent of Mrs. Gates, that the land should be sold. In this condition the cause was submitted to the chancellor for a decree, but he ordered the infant children to be made parties to the proceeding. The petition was not

31

amended, but publication was made requiring the infants to appear and contest the allegations of the petition and guardians *ad litem* were appointed for them, who answered denying the allegations of the petition. In this condition the cause was again submitted for a decree, and was dismissed by the chancellor.

The only necessity for resorting to a court of equity for authority to sell grows out of the interest of the infants in the land, for it is very certain that the deed of the trustee and Mrs. Gates would be as effectual to pass her interest, without a decree, as with one authorising the sale. We will therefore examine whether a court of equity, under the allegations and proof, ought to decree a sale as against the infants. We have no statute in this State, that has any influence on the question, and we must therefore be governed by the general rules applicable to courts of equity. It is said, that under peculiar circumstances, when it is manifestly for the interest of the infant, guardians may change the nature of their estate from personalty to realty, or from realty to personalty—2 Story's Equity, (4th edit.) § 1355; and in the matter of Salisbury, a lunatic, 3 Johns. Ch. Rep. 347, Chancellor Kent said that a change of property from personal to real, or from real to personal, may be authorised, when it is manifestly for the interest of the infant that it should be done. Yet I confess I have not been able to find a case in any of the English books, where a sale of real estate of an infant has been ordered on the ground alone that it would be for the interest of the infant, unless connected with the further reason of paying debts, or providing a maintenance for the infant. In this country, however, where the value of real estate is not fixed and stable, but vacillates as much or more than the value of personal property, it would seem but reasonable, that a court of equity should order a sale of the real estate of an infant, where it was made manifestly to appear that his interest demanded it. But then the facts which render the sale necessary should be alleged, as well as proved, that the chancellor may clearly see that the interest of the infant would not be prejudiced, but on the contrary, promoted by the sale. Taking this rule as my guide, I can see no error in dismissing the petition. The mere fact, that the trustee and *cestui que trusts* had removed out of

the State, is not sufficient within itself to induce the court to order a sale of the real estate of the infants. It is true that the petition contains the allegation, that it would be greatly for the interest of the beneficiaries to sell the land, but the proof shows no necessity for a sale, nor any specific reason for it, except that the parties have removed from the State. The proof should go further and show the condition of the property, what it now yields, the expenses incident to the management and keeping of it in repair, and should also show, that the value of it could be invested more profitably for the benefit of the minors. Without such, or the like proof, the court could not be enabled to say, whether the interest of the infants would be benefited or injured by the sale, and unless the court can see that benefit will result from the sale, a decree of sale should not be allowed.

Whether a court of equity would decree a sale on a bill filed by Mrs. Gates, for the purpose of severing her interest from that of her children, it is unnecessary to determine. This is not the character of the present proceedings; they proceed alone on the ground that the interest of the beneficiaries would be promoted by a sale, and this must be made to appear by proof, before a decree of sale can be granted.

Let the decree be affirmed.