# Pruitt v. Holly.

*Bill in Equity to compel Execution of Deed to Lands, and
for Rent.*

73   369
93   243
73   369
97   587

1. *Duty of tenant for life to pay taxes; can not defeat remainder or
reversion by purchase at tax-sale.*—It is the duty of a tenant for life to pay
taxes on land; and he can not, by allowing them to become delinquent,
and the lands sold for their payment, and by becoming the purchaser at
the tax-sale, divest the estate in reversion or remainder.

2. *Final judgment or decree; when a bar to second suit.*—A judgment
or decree is final and conclusive, operating a bar to a second suit, only
when it appears with reasonable certainty that the matters in contro-
versy in the second suit were involved in the first. If this is not apparent
on the face of the record of the first suit, there are cases in which it may
be shown by extrinsic evidence; but, in such cases, the burden of proof
rests on the party maintaining the affirmative.

3. *Purchase of land from vendee at administrator's sale; effect of report
of, and order to make title.*—Where the vendee of land at an adminis-
trator's sale sold to another, the administrator has no authority to report
that fact in his report of the sale, and a decree of the probate court,
founded on such report, ordering the administrator to make title to the
sub-purchaser, is *coram non judice.*

4. *Same; when report not evidence for purchaser.*—The report, in such
case, is not competent evidence for the sub-purchaser on a bill filed by
him against the decedent's heirs, and a third party in possession and
claiming title, to compel a conveyance of the land to him.


APPEAL from Lowndes Chancery Court.

Heard before Hon. JNO. A. FOSTER.

As amended, this was a bill in equity by Emma Holly against
McCormick Pruitt, and against J. G. Senterfit and others,
heirs at law of W. D. Senterfit, deceased; was filed on 8th
April, 1879; and the case made thereby may be briefly stated
as follows: Prior to 1867, W. D. Senterfit died seized and
possessed of a tract of land situate in Lowndes county, in this

24

[Pruitt v. Holly.]

State, which was afterwards, in the year 1867, sold by the administrator of his estate, under a decree of the probate court. The sale was reported to the court, and by it confirmed, and title ordered to be made by the administrator to the purchaser. Afterwards, and before any conveyance was executed to the purchaser, he "contracted to sell and did sell" to Henry Holly, complainant's husband, since deceased, the land purchased by him at said sale, and paid him therefor. The administrator, having been paid for the land by the purchaser, reported this fact, and also the further fact of Holly's subsequent purchase to the court; and, on this report and the administrator's petition, a conveyance was ordered to be made directly to Holly; but this was never done. The estate of said decedent was declared insolvent, and fully and finally settled as an insolvent estate, all the assets, including said purchase-money, having been paid out to, and distributed among the creditors of said decedent. At the time the bill was filed, there was no administrator of said estate. A part of the land sold at said sale, and afterwards purchased by Holly, containing about forty-five acres, had been, prior to the sale, allotted to the widow of said decedent as dower; and as to this only the reversion was sold and purchased by Holly. The widow having obtained possession of this part of the land, continued in possession thereof for several years, and then sold it to the defendant Pruitt, who thereupon took possession under his purchase, and still continues in the possession thereof, claiming it as his own. The widow of said decedent died in 1876 or 1877. The other portion of the land purchased by Holly was in the possession of complainant at the filing of the bill, she claiming through an only daughter, who died after the death of her father. The prayer of the bill is, that all the lands purchased by Holly, including the forty-five acres allotted to the widow for dower, be conveyed to her, and for rent of said dower land, and for general relief.

Pruitt and one of the heirs answered, and decrees *pro confesso* were taken against the other defendants. The only contention appears to have been with Pruitt over the dower tract of forty-five acres. In his answer he substantially denied all the facts upon which the equities of complainant's bill rest, set up title to the said forty-five acres under a tax-deed and possession thereunder for more than five years; and pleaded that the complainant's asserted rights in the land had been adjudicated in a suit brought in said court by Georgia Reese against the complainant, her daughter, who was then living, and himself. That suit, as appears from the evidence, was commenced in April, 1875, and had for its purpose the reformation of a deed of mortgage executed by complainant's hus-

[Pruitt v. Holly.]

band, as to the description of the lands intended to have been conveyed, and its foreclosure. As sought to be reformed, the mortgage covered the quarter section of land in which was situate the said forty-five acres. To that bill the complainant in this suit answered and prayed that her answer might be taken and considered as a cross-bill, averring that the mortgagee had been in possession under the mortgage, and seeking to "set off" the value of the rents against the mortgage debt. To both the original and cross bills, Pruitt was made a party defendant, as claiming the land under the tax-title set up by him in this cause, which was averred to be invalid. He answered both bills, claiming the land sought to be subjected to foreclosure under said tax-title. In that cause a final decree was entered reforming and foreclosing the mortgage on one hundred and fifteen acres of the land on which the mortgage was claimed to be a lien, which are identified by records not contained in the record in this cause; declaring Pruitt's tax-title "void and invalid," and ordering him to pay a designated amount as rent.

The other facts disclosed by the record are sufficiently indicated in the opinion.

On the hearing, had on pleadings and proof, a decree was entered granting relief to the complainant; and that decree is here assigned as error.

W. R. HOUGHTON and WATTS & SONS, for appellants.

COOK & ENOCHS, contra.

BRICKELL, C. J.—1. It is the duty of a tenant for life to keep down ordinary charges for taxes. He can not suffer them to become delinquent, the estate sold for their payment, and become its purchaser, divesting the estate in reversion or remainder.—Cairns v. Chabert, 3 Edw. Ch. 312; 4 Kent's Com. 79. This duty devolved upon the appellant Pruitt, when he succeeded to the life-estate of Mrs. Lee, and it would be inequitable to allow him to set up any title derived from a sale of the lands for the payment of taxes, to defeat the estate in reversion.

2. The decree rendered in the suit of Georgia Reese for a reformation and foreclosure of the mortgage executed by Holly, is not a bar to the present suit. The questions now in controversy were not litigated or decided in that suit. A judgment or decree is final and conclusive, operating a bar to a second suit, only when it appears with reasonable certainty that the matters in controversy in the second suit were involved in the first. If this is not apparent on the face of the record of the first suit, there are cases in which it may be shown by extrinsic evidence. But in such cases the burden of proof rests on the

[Chambers v. Seay.]

party maintaining the affirmative.—*Strother v. Butler*, 17 Ala. 733.

3. A material fact upon which the right of the complainant to relief depends, is the purchase of the lands by her husband, and his payment of the purchase-money. The fact is not admitted, but is denied by the respondents who have answered. The burden of proving it rested upon the complainant—it is an affirmative fact lying at the foundation of her right to relief. Of the fact we find no evidence in the record, other than the recital in the report made by Tyson to the court of probate, which was followed by a decree of the court authorizing the making of title to the complainant's husband. The recital in the report of sale of the subsequent sale to the husband of the appellee, and his payment to his vendee of the purchase-money, is of a fact upon which Tyson, as administrator, was without authority to report; it is no more than his mere declaration, and is not competent or admissible evidence. It is subject to the further objection, that he does not state the fact upon his own knowledge, but upon mere hearsay, on his information and belief. The decree of the court of probate, authorizing title to be made to the husband, was *coram non judice*. The only decree which the court could render at that time, was for the making of title to the purchaser at the sale made by the administrator. *Anderson v. Bradley*, 66 Ala. 263. Purchasers from him acquired an equitable title, of which courts of equity alone could take cognizance and enforce. This fact not being proved, the chancellor erred in rendering a decree granting relief to the complainant.

Reversed and remanded.