# Thorington *v.* Thorington.

*Bill in Equity for Sale of Lands for Partition.*

1. *Sale of infant's lands; jurisdiction of equity to decree.*—The jurisdiction of courts of equity to decree the sale of lands belonging to infants, including estates in remainder, is well established; and this jurisdiction may be exercised at the instance of adult joint owners with them, the infants being properly represented by guardian *ad litem*, and the evidence clearly showing that the sale is beneficial to their interests.

. 2. *Power of appointment to tenant for life, in favor of remainder-men; release or extinguishment of.*—Where lands are devised to the testator's wife for life, with remainder to his sons on her death intestate, and with power to her to appoint and designate by will the shares and proportions in which they shall take, under such safe-guards, in trust or otherwise, as she may deem proper; she may release or extinguish the power of appointment, by joining with the adult remainder-men in a bill asking a sale of the lands for partition.

APPEAL from the City Court of Montgomery, in equity.

Heard before the Hon. THOS. M. ARRINGTON.

The bill in this case was filed on the 7th January, 1887, by Mrs. Mary L. Thorington, Wm. S. Thorington, Jack Thorington, and Henry Moses as general guardian of the three infant children of Robert D. Thorington, deceased, against the said infants; and prayed a sale of certain lands, under the decree of the court, for the purpose of making an equitable division among the several parties in interest. The lands were situated in Jefferson and Shelby counties, and had belonged to Jack Thorington, deceased, who was the husband of Mrs. Mary L. Thorington, and the father of said Wm. S., Jack, and Robert D. Said Jack Thorington died in Montgomery county, and his last will and testament was there admitted to probate. By the third item of his will, he devised and bequeathed his entire estate to his wife, during widowhood; and by the sixth item declared, "she shall have the power and authority, and is hereby invested therewith, to dispose of all the estate and property she may have, or die possessed of, or be entitled to, by her will, to our children, Robert D., Jack, and William S., and on such shares and proportions to them, or the survivors, and under such safe-guards, in trust or otherwise, as, under the circumstances then existing, she may deem just and wise, and best for them; and in the event of her dying intestate, the said estate and property to be distributed to our said chil-

dren equitably, share and share alike, or the survivor or survivors of them." The bill alleged that the lands yielded no income, their value being of a speculative character, dependent on the coal and minerals they might contain, and that a sale would be greatly to the benefit of all the parties concerned ; and Mrs. Thorington declared her desire to cut off and extinguish whatever interest she had in the lands, in favor of her said children and grandchildren, and offered to convey to them, one-third interest to each, or to any person whom the court might direct for the benefit of the infants.

A guardian *ad litem* was appointed for the infant defendants, and he filed an answer, denying that a sale of the lands would be beneficial to the infants, and requiring proof thereof. The deposition of George N. Gilmer was taken, who testified, that he was well acquainted with the lands ; that they could not be equitably divided without a sale ; that they yielded no income, being unimproved, and were valuable only for coal and minerals ; that the value of such lands in the vicinity of Birmingham, where these lands were situated, had greatly increased within the last year, and that a sale at this time would be beneficial to the infants. On final hearing, the court rendered a decree as prayed, authorizing a sale of the lands ; and this decree is now assigned as error by the infants.

JNO. GINDRAT WINTER, for appellants.

TROY, TOMPKINS & LONDON, *contra*.

SOMERVILLE, J.—The Chancery Court in this State is invested with jurisdiction, and it has long been its practice, to decree the sale of lands belonging to infants. This jurisdiction does not depend upon the nature of the estate, as being absolute or contingent, but extends as well to estates in remainder as to those of any other character. It rests upon the power and duty of the Chancery Court to protect infants, and to take care of, and preserve their estates, and to take such steps as to promote their best interests.— *Goodman v. Winter*, 64 Ala. 410, 435 ; *Ex parte Jewett*, 16 Ala. 410.

That the decree of sale made by the chancellor in this case was a prudent and wise exercise of this jurisdiction, we can not entertain a doubt.

2. The only plausible objection, which could probably be suggested against the exercise of this jurisdiction, is the fact that the life-tenant of the land, who herself is one of the complainants to the bill or petition, was invested by the

will of the testator with the power of appointment to her children, such appointment to be exercised by will. This raises the question, so long mooted in England, whether a tenant for life, with a power of appointing or disposing of the property by will to the children of the testator, may *release or extinguish the power.* There was formerly some doubt as to whether this could be done, but the more recent view of the English courts supports the proposition, that the donee of such a power, if in gross, and not appendant, or simply collateral, may release or extinguish it. The authorities on this question are clear, and to the point; and our view is that the rule declared on this subject by the Master of the Rolls, in *Horner v. Swann,* 1 Turner & Russell, 430 (11 Eng. Ch. Rep. 234), announces the correct principle. Following *Smith v. Death,* 5 Madd. 371, decided by the Vice-Chancellor but a few years previous, it was there expressly decided, that such a power could be released or extinguished by the tenant for life suffering a recovery. It was placed on the ground, that he had dealt with the estate so as to create interests inconsistent with the subsequent exercise of the power. The rule declared in *Horner v. Swann, supra,* has been followed in this country, and may now be considered as settled law.—*Norris v. Thompson,* 10 N. J. Eq. Rep. 307, and cases cited p. 314 ; *Brickley v. Guess,* 1 Russ. & Myl. 440 (5 Eng. Ch. Rep. 441); 1 Sugden on Powers, 99–105; Wash. Real. Prop. (4th Ed.) 308, 309; 4 Kent, 346.

The power of appointment or disposition, given by the testator's will to the life-tenant in this case, was not a simply collateral, or mere naked power, nor one appendant to the estate. It was what is commonly called a power in *gross,* authorizing one who has an estate in the land to create by appointment such estates only in the testator's children as will not attach on the interest limited to, or actually vested in the donee ; or, in other words, such estate only as will not take effect out of the estate given to such donee. The estate authorized to be created in the children by appointment of the donee does not begin until her own life-estate shall have ended ; and this was the very illustration of a "power in gross" given by Hale, Ch. B. "It is a power in gross, because the estate for life has no concern in it." 2 Wash. on Real Prop. (4th Ed.) 639, 305. As said by Mr. Perry, in his work on Trusts, "If the power to sell, or appoint, is in gross, or belongs to a person having an interest in the estate, such person may relinquish it ; but, if it is collateral simply, the donee of the power cannot extinguish it."—2 Perry on Trusts (3d Ed.), § 765.

The decree is free from error, and must be affirmed.