# Lee *v.* Williams.

*Statutory Action in nature of Ejectment.*

1. *Sale of lands under probate decree; correcting description.*—When lands have been sold under a probate decree, but were incorrectly described in the proceedings, provision is made by statute for the correction of the mistake, at the instance of the purchaser, by the execution of a new deed to him (Code of 1886, § 2129); but an amended decree of sale, on the petition of the administrator himself, without notice to the heirs, is not authorized by the statute, and is void for want of jurisdiction.

APPEAL from the Circuit Court of Pike.

Tried before the Hon. JOHN P. HUBBARD.

This action was brought by Mrs. Ida Lee, a married woman, suing by her next friend, against Jonathan Williams and another, to recover the possession of a tract of land, with damages for its detention; and was commenced on the 27th October, 1885. The tract of land contained one hundred and sixty (160) acres, and was a submission of section *six* (6), of township *eight* (8), range twenty-three (23). The plaintiff was the sole surviving child and heir at law of W. A. Carpenter, deceased, who died in said county in the year 1870; and she proved on the trial, as the bill of exceptions shows, that he was seized and possessed, at the time of his death, of the lands sued for. The defendants claimed the land as sub-purchasers under a sale made by C. N. Carpenter, as administrator of the estate of said W. A. Carpenter, under an order and decree of the Probate Court; and they offered in evidence the decree of sale, the petition on which it was founded, and other proceedings connected with it. The petition was filed on the 1st November, 1870, and asked an order for the sale of the lands, both for the payment of debts, and on the ground that the lands could not be equitably divided without a sale; and the order of sale, which was granted on the 12th December, 1870, was based on both of these grounds. In this petition, and also in the order of sale, the lands were described as being a part of section *thirty-six* (36), township *nine* (9). On account of this variance, the plaintiff objected to the admission of the petition and order of sale as evidence, and duly excepted to the .

[Lee v. Williams.]

overruling of her objections. The defendants then offered in evidence another petition filed by said administrator, and an "amended decree," as it is entitled, founded on said petition, by which an attempt was made to correct the former petition and decree, by inserting a proper description of the lands. This second (or amended) petition alleged the filing of the former petition, and the mistake in the description of the lands therein contained, and stated that the mistake occurred in this way: In January, 1860, A. J. Smith, as the executor of the last will and testament of Jordan Smith, deceased, obtained an order from said Probate Court for the sale of said lands, and sold them under said order; and the purchaser having failed to comply with the terms of sale, the executor filed a bill in equity to enforce a vendor's lien on the lands, and obtained a decree, under which the lands were sold, Wash. Smith becoming the purchaser, and afterwards conveying to said W. A. Carpenter, plaintiff's father; but, in all these proceedings, the lands were incorrectly described as in the administrator's original petition, though possession of the right lands was given and held.

The petition contained the following additional averments: "Your petitioner has full possession and control of the land containing the true numbers, and no one claims it, nor puts up any claim therefor; the parties heretofore in interest knew that the proper lands were in fact sold, but only a mistake in the numbers, as above shown; all parties are satisfied therewith, and persons are anxious to buy the true land, so soon as he can correct a mistake so as to advertise them; but, under the present circumstances, he can not do so, until by his application your Honor corrects the same. Petitioner therefore prays the court to receive and grant this petition, correcting the numbers of said lands, the numbers of the section and township only being wrong as it now stands. The land even lies out of this county, and in Barbour county; and as there is no one possibly entitled to notice of this proceeding, the matter seems *ex parte*, or of course, similar to section 2128 of Revised Code of Alabama; and to that end, and that the same may be properly done according to law, your petitioner prays such orders, decrees, proceedings, &c., as may be requisite in the premises, so that he may sell said land for the benefit of his intestate's estate and the heirs thereof." The decree of the court, after setting out this petition, thus continued: "And it appearing to the court, by satisfactory proof, that the facts alleged in said petition

are true and correct, it is therefore ordered that said application be granted, and that the mistake be corrected as asked for in said petition."

The plaintiff objected to the admission of this petition and decree as evidence, and to each separately, "(1) because said order did not authorize the amendment *nunc pro tunc* of said former decree; (2) because the parties in interest had no notice of the filing of said petition; (3) because said decree did not authorize the sale of the lands sued for; (4) because said order did not empower the administrator to sell the lands sued for; (5) because said order did not correct, or authorize the correction of the numbers of the lands described in said first decree." The court overruled the objections, and the plaintiff excepted. "It was proved, that the administrator sold said lands sued for, under said decrees and orders of the Probate Court, at the place designated in the decree, and reported the sale to said court, by which it was confirmed; that he afterwards reported the payment of the purchase-money, and said court made an order authorizing him to make a conveyance of said lands to the purchaser; that the administrator made a conveyance of said lands to the purchaser, and said purchaser sold and conveyed to the defendants. This being all the evidence, the court charged the jury, on request of the defendants, that they must find for the defendants, if they believed the evidence; to which charge the plaintiff excepted."

The admission of the evidence objected to, and the charge of the court, are now assigned as error.

J. E. P. FLOURNOY, for the appellant.

GARDNER & WILEY, *contra.*　　(No briefs on file.)

SOMERVILLE, J.—The Circuit Court erred in not excluding from the jury the decree of the Probate Court, bearing date December 12th, 1870, and in admitting in evidence the petition of the administrator of Carpenter's estate, and the order of the court amending this decree on July 17th, 1871.

The lands described in the decree of sale were not the same lands here sued for, being situated in an entirely different section and township. The decree, therefore, had no tendency to prove a sale of the lands in controversy, by reason of this fatal variance in the description.

[Roberts v. Burgess.]

The petition filed by the administrator, designed to correct this misdescription, and the order made thereon by the probate judge, were equally inadmissible. This order can not be sustained under the provisions of section 2472 of the Code of 1876, or under section 2129 of the Code (1886), as contended by counsel, because there is a manifest failure to comply with the requirements of those sections, and, in the absence of such compliance, the Probate Court acquired no jurisdiction to entertain or act on the petition. We need note but two fatal defects. That section authorizes the correction of a mistake made in the description of lands of a decedent, sold under an order of the Probate Court, in certain cases, only on the written "application of *the purchaser,* or his heirs, or personal representatives, or any person holding under him." It does not authorize the personal representative of the decedent to file such application, he being only a party defendant to it. And, to say nothing of many other requirements of this statute, *notice* of such application was required to be given to the heirs of the decedent, as well as to his personal representative, which was not done in this instance, and was essential to the validity of the proceeding. *Anderson v. Bradley,* 66 Ala. 263; *Pruitt v. Holly,* 73 Ala. 369.

For these errors in the admission of the evidence, and for the giving of the charge requested by the defendant, the judgment must be reversed, and the cause remanded.