(112 So. 129)

### LAWSON v. NORRIS. (6 Div. 704.)

(Supreme Court of Alabama. Jan. 13, 1927. Rehearing Denied April 14, 1927.)

1. Trial ⊛237(3)—Instruction barring recovery for personal injuries, if there was reasonable doubt as to whether defendant was negligent, held erroneous.

In personal injury action against automobile driver by guest, instruction that plaintiff could not recover, if there was reasonable doubt as to whether defendant was guilty of negligence proximately contributing to cause of injury, *held* erroneous as requiring too heavy a burden of proof.

2. Trial ⊛139(1)—Weight of evidence held for jury.

Effect of evidence is for jury's determination, notwithstanding that great weight was with defendant, where it could not be said that there was no scintilla of evidence to contrary.

3. Negligence ⊛108(1)—Complaint for injury to guest in automobile collision held to allege impossibility, and not self-correcting.

In personal injury action by guest riding in defendant's automobile, plaintiff cannot recover on complaint alleging that "defendant negligently collided said car in which defendant was riding with the car in which plaintiff was riding," since such would be impossible, complaint was not self-correcting, and court cannot rewrite pleadings.

4. Appeal and error ⊛1068(3)—Erroneous instruction putting excessive burden of proof on plaintiff held not prejudicial, where complaint would not permit recovery in any event.

In personal injury action, where plaintiff could not have recovered on complaint in any event, erroneous instruction, putting too heavy a burden of proof on her by requiring proof of defendant's negligence beyond reasonable doubt, *held* not prejudicial.

Appeal from Circuit Court, Jefferson County; Romaine Boyd, Judge.

Action by Mrs. Elizabeth Norris against Mrs. Walter R. Lawson. From a judgment granting plaintiff's motion for a new trial, defendant appeals. Reversed and rendered.

J. P. Mudd and Lucien D. Gardner, Jr., both of Birmingham, for appellant.

The charge given for defendant is correct. Langhorne v. Simington, 188 Ala. 337, 66 So. 85; B. R. L. & P. Co. v. Humphries, 171 Ala. 291, 54 So. 613; B. R. L. & P. Co. v. Moore, 148 Ala. 115, 42 So. 1024; Jones v. Union Fdy. Co., 171 Ala. 225, 55 So. 153; A. G. S. v. Robinson, 183 Ala. 265, 62 So. 813; Jones v. Woodward Iron Co., 203 Ala. 66, 82 So. 26. All instructions on burden of proof should be read together, and no reversal should be had for mere inaccuracy of statement. 38 Cyc. 1749. If the charge was erroneous, the giving of same was harmless error, since defendant was entitled to the general affirmative charge. Chandler v. Pope, 205 Ala. 49, 87 So. 539; Bienville Water Supply Co. v. Mobile, 125 Ala. 178, 27 So. 781; Brent v. Whittington, 214 Ala. 613, 108 So. 567; Hood v. Warren, 205 Ala. 332, 87 So. 524; Travis v. A. G. S., 199 Ala. 38, 73 So. 983. Where the evidence is as consistent with the nonexistence of negligence as with its existence, the court should give the affirmative charge for defendant. Koger v. Roden Coal Co., 197 Ala. 476, 73 So. 33. The complaint alleges that defendant negligently collided said car in which defendant was riding with the car in which plaintiff was riding. There was a total failure of proof as to this, and defendant was due the affirmative charge. Malone Motor Co. v. Green, 213 Ala. 635, 105 So. 897; Adler v. Martin, 179 Ala. 97, 59 So. 597; Ex parte Shoults, 208 Ala. 598, 94 So. 777; Parks v. State, 21 Ala. App. 177, 106 So. 218.

George R. Carter, of Birmingham, for appellee.

The trial court properly awarded appellee's motion for a new trial. Decatur C. W. & M. Co. v. Mehaffey, 128 Ala. 256, 29 So. 646; L. & N. v. Jones, 83 Ala. 383, 3 So. 902; A. G. S. v. Hill, 93 Ala. 526, 9 So. 722, 30 Am. St. Rep. 65; B. R. L. & P. Co. v. Jones, 146 Ala. 284, 41 So. 146; B. R. L. & P. Co. v. Lindsey, 140 Ala. 316, 37 So. 289; Ala. M. R. Co. v. Marcus, 115 Ala. 395, 22 So. 135.

SAYRE, J. Appellant invited appellee to take a ride with her—rather insistently, it may be conceded. At the intersection of two streets the car in which the parties to this appeal were riding was in collision with another car driven by Mrs. Vincent, and as a result appellee suffered some injuries. Appellant and Mrs. Vincent were joined as parties defendant in the suit brought by appellee for damages, charging negligence to "the defendants." At the close of the evidence appellee amended her complaint so as to make appellant the sole defendant, and so as to charge that defendant—meaning this appellant—"negligently collided said car in which defendant was riding with the car in which plaintiff was riding," overlooking, as perhaps we may be permitted to infer, the fact that the parties named as plaintiff and defendant in the complaint were in the same car. With the complaint in this shape the case went to the jury, which returned a verdict for appellant. But the court, on appellee's motion, set aside the verdict, and granted a venire de novo. From that order this appeal is taken.

[1] There is no difficulty in reaching the conclusion that the court granted appellee's motion for a new trial, for the reason that, on appellant's request, a special instruction

in writing had been given to the jury as follows:

"I charge you, if there is a reasonable doubt in the mind of any juror as to whether Mrs. Lawson was guilty of negligence which proximately contributed to cause the collision, you cannot find your verdict against Mrs. Lawson."

This charge laid upon appellee too heavy a burden of proof, and should have been refused. Decatur Car Wheel Co. v. Mehaffey, 128 Ala. 256, 29 So. 646; B. R. L. & P. Co. v. Jones, 146 Ala. 277, 41 So. 146. The court, more than once, on request of appellant, correctly charged the jury, in effect, that the burden was on appellee, plaintiff, to reasonably satisfy the jury that the facts essential to the cause of action had been established before they could justly render a verdict for the plaintiff. A. M. R. R. Co. v. Marcus, 115 Ala. 389, 22 So. 135. But the charge quoted above went further—erroneously so—and the rule here is to reverse in such case, for, in many cases at least, whether the jury were governed by one instruction or the other is past finding out. From this it would result that the trial court properly corrected its error in giving the quoted charge by granting the motion for a new trial.

Appellant seeks to avoid the stated result on two considerations:

[2] Appellant was entitled to the general charge, and so the error in giving the charge in question was error without injury. The jury found with appellant, but it cannot be said there was no scintilla of evidence to the contrary. On this consideration, then, the ruling which set aside the verdict cannot be reversed. It may be conceded that the great weight of the evidence was with appellant, but its effect, under the long-standing rule of this court, should have been left to be determined by the jury.

[3, 4] In the second place appellant's contention is that, since the amended complaint alleged that appellee, plaintiff, "at the time of the infliction of said injuries, was riding in said automobile as the guest of the defendant (appellant) Mrs. Lawson, and at the invitation and request of said defendant," and that "defendant negligently collided said car in which defendant was riding with the car in which plaintiff was riding," a manifest impossibility, so that on the complaint appellee was not entitled to recover in any event. It may be affirmed with reasonable assurance that appellee intended something different from what she alleged. But it cannot be said that the complaint was self-correcting, for an entirely new arrangement of words would be necessary to express the idea it may be supposed the pleader had in mind, nor could the court undertake to rewrite pleadings for the parties. This court, after due consideration, is of opinion that plaintiff (appellee) could not have recovered on the complaint, and hence that the giving of the charge quoted above was error without injury, and that the verdict of the jury should not have been set aside on that ground.

The judgment under review must be reversed, and the original judgment reinstated, and it is accordingly so ordered.

Reversed and rendered.

ANDERSON, C. J., and GARDNER and MILLER, JJ., concur.