(135 So. 454)

**CHRISTOPHER et al. v. CHADWICK et al.**

**7 Div. 3.**

Supreme Court of Alabama.

June 18, 1931.

Goodhue & Lusk, of Gadsden, for appellants.

O. B. Roper, of Gadsden, for appellees.

SAYRE, J.

J. M. Chadwick, deceased, by his last will and testament disposed of an estate consisting, among other properties, of numerous pieces of realty in Gadsden and its neighborhood. By the third item of his will he devised to his son, appellee, a life interest in various properties with remainder to the wife of the latter, and at her death to "revert to the estate" of testator among whose grandchildren and heirs are several minors. The properties so devised consisted of:

A farm in Etowah county.

Two and one-half acres known as the brickyard place.

A vacant lot in the city of Gadsden, fronting forty feet on Sixth street.

Two houses on Bay street, one of which has been appellee's home for some years.

Three lots on Ewing avenue, one of them in the possession of an adverse claimant.

A farm in St. Clair county.

■ The purpose of appellees' bill is to invoke the court's approval of a proposed exchange of properties with one Haggard, who is averred to be the owner of a filling station in East Gadsden which is described in briefs as lying across the river from Gadsden and in the "Rubber District," meaning, as we understand, in the vicinity of the tire factory located in that section. Appellee proposes to exchange the vacant lot on Sixth street for the lot upon which is the filling station. The bill avers that the income from the properties a life estate in which was devised to appellee is insufficient to pay the taxes assessed against the properties, and its further averments appear to proceed upon the idea that such payment is necessary to preserve the estate in remainder. But the duty of paying taxes pending the life estate devolves upon the life tenant and not upon the remaindermen. And, such being his duty, he cannot, as against the remaindermen, acquire a title derived from a sale of the land for the payment of taxes. Pruitt v. Holly, 73 Ala. 371; 17 A. L. R. 1399, and cases there cited. And of course taxes on any part of the property devised to appellee are a lien on all his taxable property, and, in the present state of that particular piece of property now in question and of appellee's alleged financial ability, or disability, he may consider his interest a liability rather than an asset.

■■ But the court is of opinion, on an application of the sort here involved, that the interest of the remaindermen, not that of the life tenant, is to be considered, and, to quote the headnote of Ex parte Jewett, 16 Ala. 409, where it is manifestly for the interest of an infant, a court of chancery will authorize a sale of his real estate; but before it will do so, the facts which render the sale necessary must be alleged and proved, that the chancellor may clearly see that the interest of the infant will be thereby promoted. To the same effect is Goodman v. Winter, 64 Ala. 435, 38 Am. Rep. 13. And the court in Gassenheimer v. Gassenheimer, 108 Ala. 653, 18 So. 520, 521, observed: "The jurisdiction should be exercised sparingly, and with the utmost caution. Though in form the proceedings may be adversary, they are often instituted and conducted by parties of interests adverse to the interests of the infant, for the preservation and advancement of such interests, rather than interests of the infant, and the court, while intending to protect, may be made the instrument of injustice to him."

So much for the general principles to be ob-

served by the court in dealing with cases of this sort.

The bill shows that appellee would with the court's approval exchange a vacant lot within two blocks of the Gadsden courthouse and worth approximately $4,000 for the filling station owned by Haggard in East Gadsden, worth $8,000. Why Haggard should desire the exchange is not made to appear. But it is averred that "conditions" are now very different from what they were at the time of testator's death and "that it would be to the interest of all the heirs at law of J. M. Chadwick, that the vacant lot devised to complainant be exchanged for the above described property now belonging to the said O. L. F. Haggard, and the property so acquired from the said Haggard be substituted for the said vacant lot as formerly described on Sixth Street subject to the same limitations and disposition as prescribed by the said will. of J. M. Chadwick, deceased, to said Sixth Street lot, that the income therefrom will enable complainants to pay the taxes and other expenses necessary to the preservation of the rights of the remaindermen, and that said income is necessary and sufficient for this purpose, and that most of said income will be necessary to pay the expense and upkeep of the interest of the complainants as devisees under said will, and as a trustee for said remaindermen it will enable complainants to hold intact and in trust all of devisee's interest amounting to some $25,000.00."

It is not averred, however, that there has been any change in the condition of the lot.

In Ex parte Jewett, supra, it is said that "the facts which render the sale necessary" —in this case the exchange of properties— "should be alleged, as well as proved, that the chancellor may clearly see that the interest of the infant would not be prejudiced, but on the contrary, promoted by the sale."

The principal item of averment leading this court to concur in the opinion and judgment of the chancellor to the effect that the proposed exchange would be for the best interest of the minor is that which sets forth the value of the two properties. If the averment as to that be true, the court here is unable to affirm error in the decree overruling the demurrer to appellee's bill.

But, we are careful to note that the averment as to the prospective interest of the minors will need to be clearly proved as well as averred, and with this reflection the court here has concluded to affirm the decree by which appellants' demurrer to the bill was overruled.

Affirmed.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.