## BARCLAY v. MATTHEWS, Tax Collector, et al.

### 8 Div. 487.

Supreme Court of Alabama.

April 27, 1933.

Rehearing Denied Oct. 12, 1933.

Proctor & Snodgrass, of Scottsboro, for appellant.

Taylor, Richardson & Sparkman, of Huntsville, and Milo Moody, of Scottsboro, for appellees.

358

## PER CURIAM.

There is no dispute in this case but that the property in question was redeemed from the tax sale by one of the remaindermen, and that the necessary legal result of such redemption was that it inured to the benefit of the entire estate. And, although there was evidence tending to show that this redemption was effected without the knowledge or consent of Mrs. Pendergrass, the life tenant, nevertheless there was also evidence tending to show that, after such redemption, the life tenant went into possession of the premises, resided thereon for a while, and demanded payment of the rents, accruing after the foreclosure, from the terre tenant. There was testimony further tending to show that the life tenant had appointed one Hooper, as her attorney in fact, to represent her at the tax sale, "to assess my taxes, and pay same out of any money in his hands; to redeem my lands; to collect from the tax collector, and probate judge of Jackson County, Alabama, any money due me from the sale of my lands for taxes, and generally to do every act in regard to my business, which I could lawfully do, and I hereby ratify and confirm whatsoever my said attorney does in the premises. * * *" It further appears that Mrs. Pendergrass lived in the home of Hooper, her attorney in fact at the time of the sale and of the redemption. Under this evidence we are clearly of the opinion that it was for the jury to determine whether or not said life tenant ratified the redemption of said property from said tax sale. This was fairly submitted to the jury by the court in its oral charge.

We are clear to the conclusion that the court did not commit error in admitting evidence of the tax sale, and all the facts and circumstances in reference thereto. This was essential to an intelligent understanding and settlement of the issues presented by the evidence.

The relation of Hooper to the situation and his conduct in respect thereto were sufficient to authorize the attorney for the defendant to draw the inference, in his argument to the jury, that the purpose of the suit was to obtain the money for the benefit of the heirs of Mrs. Pendergrass, of whom the said Hooper's wife was one.

It further appears that the redemption money was ultimately paid to the party equitably entitled thereto.

There is no error in the record, and the judgment of the circuit court will be affirmed.

Affirmed.

ANDERSON, C. J., and BOULDIN, BROWN, and KNIGHT, JJ., concur.

THOMAS, Justice (dissenting).

This suit was against Leola Matthews, as tax collector, and American Surety Company of New York, as surety on her official bond, for money had and received as the balance of the purchase price of lands sold for delinquent taxes and in excess thereof, and costs, received under color of her office as such tax collector.

There were pleas of the general issue and of payment or accord and satisfaction, after the suit was brought, to which demurrer was overruled. Appellant's counsel concedes that no testimony was offered under the latter plea, and does not present the ruling for review. Georgia Cotton Co. v. Lee, 196 Ala. 599, 72 So. 158.

The records as to assessment of the taxes to the life tenant, Sarah Pendergrass, were in evidence, showing the amount of taxes as $22.25 for 1928; the delinquent tax docket showing the defendant reported the lands to the judge of probate as delinquent, and requested a decree ordering the interest in the lands sold for $22.25; the decree of sale; the tax sale record as to this owner and her interest in the lands and its purchase for $725; and that "By whom redeemed, W. W. Lockwood, date of redemption 8/3/29 for heirs of Jobe Wells, deceased, received in full $737.08 Mrs. Katie Hooper, By Proctor and Snodgrass, Attys. The defendant then objected to the above record because it appears that there is no valid decree of the Probate Court offered supporting said sale, and the Court overruled the defendant's objection, to which action of the Court the defendant duly excepted." The statutes that have application are collected in Union Central Life Ins. Co. v. State ex rel. L. A. Whetstone (Ala. Sup.) 147 So. 187; [1] section 3109, Code. The redemption by a tenant in common inures to the benefit of all cotenants. Bracely v. Noble, 201 Ala. 74, 77 So. 368; Scott v. Brown, 106 Ala. 604, 17 So. 731; 61 C. J. p. 1287, notes 39, 40.

The bill of exceptions showed the power of attorney of said owner of the life estate to represent her at this tax sale, "to assess my taxes and pay same out of any of my money in his hands; to redeem my lands; to collect from the Tax Collector and Probate Judge of Jackson County, Alabama, any money due me from the sale of my lands for taxes, and generally to do every act in regard to my business which I could lawfully do, and I hereby ratify and confirm whatsoever my said attorney lawfully does within the premises. * * * under my power of attorney, I demanded the surplus from the Tax Collector. I first went to her and showed her my authority as agent of Mrs. Pendergrass and asked her for the surplus. * * * I gave her some citations of law

[1] 226 Ala. 420.

and told her to read up on them and told her I would wait ten days or such a matter and would come back and see her again, which I did. She did not pay the money over to me and did not pay it over to Mrs. Pendergrass and neither I, nor Mrs. Pendergrass have received the money till today. * * * I said: 'Miss Leola, we won't have any hard feelings about this at all, if you are not satisfied, we will just have a little friendly lawsuit and you can pay it at the end of a judgment,' and she still refused to pay me."

The witness Hooper was then asked and answered as follows:

"Q. Then after that was transferred to your wife, why you borrowed the money for your wife and redeemed the land, didn't you? * * *

"I told you I only purchased the tax sale certificate from Sam Sparkman, the man who bid it in and he just transferred the certificate to my wife. This was after the power of attorney was executed.

"Q. And when the land was redeemed you were paid, or your Attorneys were paid?

"Thereupon the plaintiff interposed an objection to the question propounded to the witness and an objection to any testimony about the redemption of the land, unless it is shown that Mrs. Pendergrass authorized or ratified such redemption. The Court thereupon overruled the objection of the plaintiff, and to which action of the Court, the plaintiff then and there duly and legally reserved an exception.

"After I bought that certificate for my wife and the land was redeemed, my wife got the amount that was due Sparkman, plus 15% interest. * * *

"Upon receipt of this notice, she mailed the certificate up to Mr. Proctor and asked him to collect the money for her from the Probate Judge. Mr. Proctor collected the money and sent it to her, so my wife has only got back what she paid for the certificate of purchase with lawful interest on it from the date it was redeemed. * * *

"Mr. Sparkman got his money back but Mrs. Pendergrass did not get hers back. * * *

"Mrs. Pendergrass did not make any effort to redeem the land and did not authorize anybody to redeem it for her. In fact, she objected to anyone redeeming it and did not want to redeem.

"Thereupon the plaintiff moved the Court to exclude all the evidence concerning the redemption of the land on the grounds that it is shown that said redemption was had by a stranger; that it was purely voluntarily and that Mrs. Pendergrass did not authorize or ratify said redemption but, in fact, objected to the land being redeemed. The Court then and there overruled the plaintiff's ob-

jection, to which action of the Court, the plaintiff then and there duly and legally reserved an exception. * * *

"Later on, Mr. Lockwood redeemed it from the Probate Judge and paid into the probate office $725.00 with interest and the Probate Judge notified my wife to bring in her certificate and get her money, and we mailed the certificate up here and the money was sent back, but I did not get one nickel of Mrs. Pendergrass' money, no shape or fashion.

"Thereupon the plaintiff moved to exclude all the testimony of any kind relating to the redemption of the land, on the ground that it is shown that Mrs. Pendergrass did not authorize, ratify or receive any of the proceeds from said redemption. The Court thereupon overruled the plaintiff's objection, to which action of the Court the plaintiff then and there duly and legally reserved an exception.

"I don't know what authority this man Lockwood had to redeem the land other than the certificate he filed with the Probate Judge. I read that. He was not related to Mrs. Pendergrass and she did not know him. He was not acting as her agent in any way in perfecting that redemption and Mrs. Pendergrass was opposed to the redemption. * * *

"Q. Did you make any inquiry of any Attorneys as to whether or not the purchaser's title was good?

"Mr. Proctor: We understand the purpose of that is to show the good faith of Mr. Hooper?

"Mr. Taylor: No, no, bad faith, Jim. * * *

"Now, what we propose to show by him is, we want to show that he was still acting in bad faith while he was the agent or attorney of Mrs. Pendergrass and that he surrendered the possession of the land for her to the purchaser.

"Mr. Snodgrass: That hasn't a thing to do with it, if the Court please, whether or not Mr. Hooper was acting in good or bad faith with his principal, Sarah Pendergrass, in surrendering possession of the land to the purchaser could certainly avail the defendant nothing in this suit and testimony in regard to it is incompetent, irrelevant and immaterial.

"The Court thereupon, after hearing the above argument of counsel, overruled the plaintiff's objection, to which action of the Court, the plaintiff thereupon duly and legally reserved an exception."

There was a motion to exclude the evidence as to redemption of the lands, which was overruled and exceptions duly reserved by plaintiff.

The several questions presented by these rulings as to redemption are properly group-

ed and argued under our rules. Southern Ry. Co. v. Cates, 211 Ala. 282, 100 So. 356; Polytinsky v. Johnston, 211 Ala. 99, 99 So. 839.

Under the provisions of the statute, only the interest of the life tenant, Sarah Pendergrass, was sold at tax sale. Section 275, Rev. Laws 1929, Gen. Acts 1919, pp. 282, 360, § 266; Union Central Life Ins. Co. v. State ex rel. Whetstone (Ala. Sup.) 147 So. 187; [1] Garrett v. Snowden (Ala. Sup) 145 So. 493.[2] The interest or estate in the lands of the remainderman was not affected by such tax sale. Such holder of the ultimate estate was under no duty to list and pay the taxes or redeem from sale of the life estate. Gunter v. Townsend, 202 Ala. 160, 79 So. 644; Garrett v. Snowden, supra; Christopher v. Chadwick, 223 Ala. 260, 135 So. 454; Pruitt v. Holly, 73 Ala. 369, 371; Rothschild v. Weinthel, 191 Ind. 85, 131 N. E. 917, 132 N. E. 687, 17 A. L. R. 1377–1399. This evidence was res inter alios acta, and should have been excluded.

The evidence relating to the sufficiency of the notice of tax sale and description of the land is a matter which the tax collector cannot present by way of defense to the action for moneys received under color of her office, and is no justification for unlawfully withholding the same. Perryman v. City of Greenville, 51 Ala. 507. She may not deny the validity of her tax sale to justify her retention of the moneys received by her as such official in excess of the taxes due by the life tenant, interest and costs. Section 3098, Code; Coleman v. Pike County, 83 Ala. 326, 3 So. 755, 3 Am. St. Rep. 746. There was error in admitting in evidence the notices appearing in the newspaper as to such sale of said property, though she may have misdescribed the property she sold and received the purchase price as such officer and under the color of her office.

That official cannot justify herself by showing that such surplus proceeds were paid over to some other individual or officer unless such payment was made by authority of law; hence questions going to show payment thereof was made to the judge of probate on some other account or matter were irrelevant to the issues before us. It was the duty of defendant as an official to make payment to such person who was entitled to receive the same, or to retain and plead or interplead with her to judgment authorizing that payment.

We think the argument that they are trying to get that money for Hooper should have been limited to Hooper's interest or bias as a witness. He was not a party, and the observation made was not an argument directed to the credibility of that witness.

[1] 226 Ala. 420.
[2] 226 Ala. 30.

The authorities are collected to the effect that errors in rulings on evidence, instructions, etc., are harmless where the plaintiff cannot recover in any event. Southern Ry. Co. v. Randle, 221 Ala. 435, 128 So. 894; Lambert v. Southern Ry. Co., 214 Ala. 438, 108 So. 255; Parker v. Gilbert, 213 Ala. 699, 106 So. 41; Lawson v. Norris, 215 Ala. 606, 112 So. 129. Otherwise stated here, was the defendant entitled to the general affirmative charge requested and refused by the court? That is to say, the respective counsel argue the right for affirmative instruction and their respective theories.

The appellees say that, on failure of the tax collector, or other officer having duties to discharge therewith, to correctly describe the land, etc., the tax collector or such officer failing in such statutory duty is liable to the purchaser under the statute for the amount of his bid, being attributable to his negligence or failure of duty. Sections 3098, 3100, Code. Such is not the case before us.

The defendant testified that she sold the land under tax sale to Sparkman for $725, and the amount of the taxes was about $23; that she paid the excess of $702.75 on August 3, 1929, to the judge of probate before the suit was brought for like amount on August 9, 1929; that she did not pay this excess to the life tenant, Sarah Pendergrass; that she nor her heir or representative authorized such payment; that she paid it over to the judge of probate, and did not know who he represented; that "Mr. Hooper representing Mrs. Pendergrass requested me [defendant] to pay the money over to her."

The action of the tax collector in paying the money to the judge of probate after due demand therefor by Mrs. Pendergrass was not in accord with section 274, Rev. Laws of 1929, Gen. Acts 1919, pp. 282, 359, § 265, designating parties in order who have the right to the excess—"the owner, or his agent, or to the person legally representing such owner, or into the county treasury."

It is provided by the act of 1919 (Gen. Acts 1919, pp. 282, 360, § 266) and section 275 of the Revenue Laws of 1929 that tax sales vest in the grantee all right, title, interest, and estate of the person whose duty it was to pay the taxes on such real estate and the lien and claim of the state and county thereto; "but it shall not convey the right, title or interest of any reversioner or remainderman therein." Gunter v. Townsend, supra. When the difference of opinion arose between the remainderman and the life tenant over the proceeds of the tax sale (of the life estate), the tax collector could have protected her bond by interpleading under the law by appropriate action (sections 10386, 10390, Code) with such parties at interest under the order of the court having and taking

jurisdiction. McDonald v. McDonald, 212 Ala. 137, 102 So. 38, 36 A. L. R. 761; Cloud v. Dean, 212 Ala. 305, 102 So. 437; Davis v. Douglass, 12 Ala. App. 581, 68 So. 528; Marsh v. Mutual Life Ins. Co., 200 Ala. 438, 76 So. 370; McDuffee v. Collins Brothers & Co., 117 Ala. 487, 492, 23 So. 45. Not having done this, payment to or for the supposed benefit of the remainderman rendered her liable to account for money had and received, to the person lawfully entitled to such proceeds. The proceeds represented the property or the immediate right of possession and use. McDuffee v. Collins Brothers & Co., supra.

In the opinion of the minority, the judgment of the circuit court should therefore be reversed, and the cause remanded.

FOSTER, J., concurs in the foregoing dissent.

On Rehearing.

PER CURIAM.

Application overruled.

ANDERSON, C. J., and BOULDIN, BROWN, and KNIGHT, JJ., concur.

GARDNER, THOMAS, and FOSTER, JJ., dissent.

GARDNER, J., concurs in the foregoing dissenting opinion.