This is a land partition case. All the parties to the suit were joint owners and tenants in common by inheritance of approximately 520 acres of land lying in Butler and Conecuh Counties, less an undivided three-quarters interest in and to all oil, gas and minerals on 280 of those acres. Clara E. McNaughton and others filed suit in the Circuit Court of Butler County seeking a sale for division of the land. Leroy English and others filed answers requesting that the land be partitioned instead of sold. The pending administration of the estate of Abbie English, former life tenant of the property, was transferred from probate court to circuit court and consolidated with this action. The court appointed an appraiser for the property, James M. Vardaman Co., Inc., which was ordered to submit a plan for its division. The proposed plan called for the various houses on the property to be set off and sold, the remaining land to be divided into roughly equal plots ranging in size from 48.7 to 80 acres, a portion of the timber to be sold and proceeds used to equalize the value of the individual shares. This plan was approved by the court over the objections of appellant Leroy English.
On appeal, Leroy English raises the following issues: 1) Was the partition in kind ordered by the trial court inequitable because the lots as divided differ in size, value and road frontage, and because the appraiser failed to take into account the value of mineral rights? 2) Did the court err in refusing to allow Leroy English administrator's fees for expenses incurred in his capacity as administrator of the estate of his mother, Abbie English? and 3) Did the court err in denying Leroy English's claim for reimbursement for taxes paid by him on the property during his mother's lifetime?
For the reasons stated herein, we find no error in the trial court's determination of the second and third issues, but agree with appellant that the failure of the court to take into account mineral interests when adopting the plan for division prepared by the appraiser resulted in an inequitable apportionment of those interests.
In upholding the court's resolution of issues two and three, we invoke the oft repeated rule of ore tenus: Where the trial court makes a decree after hearing the witnesses ore tenus, every presumption will be indulged in favor of the trial court and its finding will not be disturbed unless palpably wrong.Shivers v. Shivers, 277 Ala. 400, 171 So.2d 109 (1965). The evidence introduced at trial was in conflict as to whether Leroy English actually paid any of the taxes on his mother's property. This conflict was resolved by the court's finding that ". . . payment of taxes by Leroy English, if indeed made by him, was a gift to his mother." Such a finding is supported by the evidence and is consistent with the rule that the life tenant, rather than the remaindermen, is responsible for payment of taxes on the property. Christopher v. Chadwick,223 Ala. 260, 135 So. 454 (1931).
As to appellant's contention that he should have been allowed a commission for his services as administrator of his mother's estate, as authorized by Code 1975, § 43-2-680, we note that the language of that statute is permissive, rather than mandatory. While it allows the court to set a reasonable compensation for efforts of the administrator or executor, it does not require that such compensation be granted. The allowance is a matter of judicial determination, Hale v. Cox,240 Ala. 622, 200 So. 772 (1941), and what shall be allowed below or up to the maximum limit prescribed by that section is to be determined according *Page 705 
to the circumstances of each particular case. Kenan v. Graham,135 Ala. 585, 33 So. 699 (1902). Since the appellant introduced no evidence whatsoever on the value of his services to the estate, we find no error in the court's disallowance of his claim for compensation.
Appellant's argument that the overall proceedings below were inequitable, particularly the unequal size of the apportioned lots, is not persuasive. In drafting a plan for the partition of the property, the trial court sought the advice of expert foresters, surveyors and appraisers and partitioned the property so as to vest in each cotenant a portion equal to one-eighth of the value of the whole.
Although the final decree does not specifically refer to the mineral interests, the record indicates that equity can be achieved by treating the mineral interests, so as to vest in each cotenant as undivided one-eighth interest in the total
minerals owned by them.
The decree appealed from is affirmed as herein modified.
MODIFIED AND AFFIRMED.
TORBERT, C.J., and MADDOX, JONES and BEATTY, JJ., concur.