ALMON, Justice.
This is an appeal from a judgment against the appellant on a promissory note. We affirm.
Frozen Carbonated Beverages, Inc., was indebted to its president, James E. Beasley, III, in the amount of $9,114.14 for machinery Beasley, in his individual capacity, had purchased for the corporation. On August 1, 1973, Beasley executed on behalf of the corporation a promissory note for that amount, payable to himself. Charles Langley witnessed this note in his capacity as Frozen’s secretary-treasurer and also signed as “maker.” Langley’s wife, Virgie, also signed as “maker,” even though she neither had an interest in nor held a position with Frozen. The note provided:
FOR VALUE RECEIVED, the undersigned jointly and severally promises to pay James E. Beasley, III, or order the principal sum of Nine Thousand One Hundred Fourteen and 14/100 ($9,114.14) Dollars with interest at the rate of six percent (6%) per annum.
******
The makers and endorsers of this note hereby expressly waive all right to claim exemptions allowed by the Constitution and Laws of this or any other State * *. Notice and protest on the nonpayment of this note is hereby waived by each maker and endorser; and it is understood and agreed by each person whose name is signed hereto that he signs this note without any condition or representation as to any other person or persons having signed the same, or that any other person or persons shall sign the same as maker or endorser.
Done this the M day of August. 1973.
ATTEST: FROZEN CARBONATED BEVERAGES, INC. a corporation
/s/ Charles H. Langley BY: /s/ James E. Beasley, III (SEAL) Secretary-Treasurer James E. Beasley, III, Its President
WITNESSES:
_ /s/ Charles H. Langley (SEAL) Maker /a/ Virgie Langley (SEAL) Maker
When the note was not paid as promised, Beasley filed suit against Frozen, Charles Langley and Virgie Langley.
Beasley moved for summary judgment, and supported his motion with his affidavit in which he stated that the Langleys agreed to be personally liable on the note as part of the consideration for the sale of Frozen by its owner, Sweet Sue Kitchens, Inc., to Charles Langley. Langley countered with his own affidavit in which he stated that he and his wife executed the note on behalf of Frozen and not as individuals. Beasley’s motion for summary judgment was subsequently denied and the case was placed on the non-jury docket.
Upon conclusion of the trial, the trial judge entered a judgment in favor of Beasley and against Charles Langley; a judgment was also entered for Virgie Langley based upon the trial judge’s determination that there was no consideration to support *838 her promise on the note. Charles Langley appeals.
We think that the judgment against Charles Langley is due to be affirmed. It was a question of fact whether he signed the note in his individual capacity or on behalf of Frozen. There exists ample evidence from which the trial judge, hearing the witnesses ore tenus, could reasonably conclude that Charles Langley signed the note in his individual capacity. Because this finding is neither palpably erroneous nor manifestly unjust, the judgment is due to be affirmed. Smith v. McNaughton, 378 So.2d 703 (Ala.1979); Gertz v. Allen, 376 So.2d 695 (Ala.1979).
AFFIRMED.
TORBERT, C. J., and FAULKNER, EM-BRY and ADAMS, JJ., concur.