FAULKNER, Justice.
This case originated as a petition to require final settlement and to remove James W. Aird as executor of the estate of Mary Andrews Horton. Laura Grace Thomas brought the petition as sole beneficiary under the will of Mrs. Horton, her mother. The settlement filed by Mr. Aird contained numerous charges against the estate which *501 he claimed for services rendered in perfecting Mrs. Thomas’s title to a fractional interest in a 40-acre tract of land which passed to her under the will. The trial court denied these charges, essentially on the ground that they were chargeable not to the estate but rather to the proceeds of a sale for division of the 40-acres ordered in a separate action; furthermore, it ordered Mr. Aird to pay into the estate $1,778.37, which he had received and which was due to creditors and Mrs. Thomas.
Mr. Aird appeals[1] from this judgment to this Court, arguing that he is entitled to a lien on Mrs. Thomas’s land to satisfy the fees and expenses he claims for his efforts on behalf of the estate and Mrs. Thomas. Mrs. Thomas counters that Mr. Aird did not file a claim against the estate within the time allowed by law, that these charges are not allocable to the estate, and that Aird does not question the correctness of the findings and judgment made by the trial court, without a jury. We agree that the trial court’s judgment is supported by credible evidence and affirm.
The last will and testament of Mary Andrews Horton was admitted to probate on June 18, 1974; it named Mr. Aird as executor. The estate was small, consisting primarily of a two-eighths interest in a 40-acre tract of land in Jefferson County, which Mrs. Horton’s father had left to his eight children. On March 30,1978, Mr. Aird filed an action in his name as executor and in Mrs. Thomas’s name against the remaining partial-interest holders, praying for a sale for division of the 40-acre tract (we will refer to this as the partition action). Also in 1978, the State of Alabama filed a condemnation action against a portion of the 40-acre tract, naming as defendants Mr. Aird as executor, in addition to the other interest holders.
Mrs. Thomas was awarded a three-eighths share of the property by consent decree in the partition action; she asserts that this is the same share to which she was entitled regardless of Mr. Aird’s efforts. The jury awarded $5,200 for condemnation of the parcel sought by the state. From this award, $1,222.37 was paid to Mr. Aird as executor. When Mrs. Thomas petitioned for final settlement of the estate in June, 1980, Mr. Aird included approximately $12,-000 in fees and expenses for his efforts in the partition and condemnation cases. In its final judgment in this case, the trial court noted,
The real estate in [the partition action] has not been sold and there is no reason for holding this case open until it is sold... . Should there be an issue as to his fee in [the partition action] that will be the proper case for it to be resolved in.
We agree with this conclusion.
The condemnation action is in a different posture, however. That case is closed and the amount due the estate has been paid to Mr. Aird. The court below ordered him to pay this sum to Mrs. Thomas and allowed him to keep none of it as his fee. Nevertheless, we do not find that the trial court is to be reversed on this aspect of the case either. The code sections which provide for awarding administrator’s commissions, attorney’s fees, and expenses are permissive, not mandatory. Code 1975, §§ 43-2-680 and 43-2-682; Smith v. McNaughton, 378 So.2d 703 (Ala.1979). In view of the small size of the estate, the length of time which the estate was- held open beyond the non-claims period, and the dispute over the need for Mr. Aird’s services, we are unable to say that the trial court abused its discretion.
There are a number of other charges which Mr. Aird makes in his settlement and which the court disallowed. These were *502 disputed for various reasons — a probate fee for which Mr. Aird had been reimbursed, taxes and other expenses for which he had not kept receipts or cancelled checks, long distance phone calls to Mrs. Thomas four years after the estate was opened, etc. The trial court’s decree is not palpably wrong and so will be affirmed under the ore tenus rule. Smith v. McNaughton, supra.
AFFIRMED.
TORBERT, C. J., and ALMON, EMBRY and ADAMS, JJ., concur.

. This Court dismissed an earlier appeal of this case, on the grounds that no final judgment had been entered. Aird v. Thomas, 399 So.2d 844 (Ala.1981). At that time Mr. Aird’s motion to review and revise judgment on final settlement, motion for new trial, motion for relief from judgment, and motion to dismiss motion of Laura Grace Thomas were outstanding. The trial court held a hearing on these motions on May 11, 1981, and denied them on May 19, 1981, while amending its judgment pursuant to Mrs. Thomas’s motion. It is from this decree that Mr. Aird now appeals.