Day, J.
It is apparent from the record in this case, that the evidence offered by the defendant, to prove that the conveyance from the father to the son was voluntary and made to defraud creditors, was rejected, and that the charge of the court to the jury was based on the idea that the reconveyance to the father by the son, being a minor, was voidable, and that a conveyance to defraud creditors only could not be invalidated by a subsequent purchaser.
Both parties claim title under the same grantor. The title of the defendant is unquestioned unless the plaintiff may avoid his deed to the grantor of the defendant. This he claims the right to do, on the ground of his infancy when the deed was made. Here then arises the question, as to the correctness of the rulings of the court touching the right of the plaintiff to disaffirm his deed to the grantor of the defendant.
It may now be regarded as settled, that the deed of an infant, as a general rule, is not void, blit is voidable only. It is good and valid unless disaffirmed by him after he becomes of age. If it be a deed that he has not the right to disaffirm, it is a good conveyance of the title and he is bound by it.
By bringing this suit the plaintiff has disaffirmed his deed made while he was an infant; but his right to disaffirm is *107 questioned by the defendant. He claims that the plaintiff paid no consideration for tbe land, and that the conveyance-was not made as a gift or advancement, but was made to him for the purpose of defrauding the creditors of the grantor,, and that, therefore, the plaintiff only held the title in trust without any substantial interest in the property.
In cases of voluntary conveyances to defraud creditors, the-trust in their favor, and their right to enforce it against the grantee, is undoubted; and the only reason why the secret •trust in favor of the grantor cannot be enforced by him is-the anxiety of the law to discourage frauds.
But it is said in White v. Brocaw, 14 Ohio St. 339, 341, that “ the moral obligation of the grantee to restore property so held, is not only clear, but is fully recognized in the decided cases. Swift v. Holdridge, 10 Ohio, 320. If he does-restore, the law discharges him from his liability as trustee for the creditors of his grantor, and undoubtedly any steps taken, or acts done by him, subsequent to the conveyance, toward the discharge of this moral duty, should receive the favorable consideration of a court of equity.” It is difficult to imagine any good reason why this moral obligation does-not rest with as much weight on a minor as upon an adult, nor why an infant, having no equitable interest in the property, should be permitted to disaffirm a reconveyance made in discharge of a moral duty to his grantor, and of a legal liability as trustee of his creditors.
Moreover, the conveyance, casting upon the minor a liability as trustee, was voidable at his election. The reconveyance was, in effect, a voidance of the deed to him, and a restoration of the title to his grantor, where it properly belonged. This is at least as strong a case, in principle, for holding the infant bound by his restoration of the property, as is that of Edgerton v. Wolf (6 Gray, 453), where it was-held, that “ an infant who receives property -under a contract of sale to him, and surrenders it to the seller, intending to give up all his interest in it, cannot afterward avoid such surrender, and retake the property from the possession of the seller.”
*108 Again, it appears from the record that the infant, at the time he made the reconveyance to his father, had arrived at years of discretion — being then about twenty years of .age — and that it was made for the express purpose of conveying the title to the purchaser of the land. The defendant then purchased, to say the least, with the express or implied consent of the plaintiff, and paid a full price for the land, under circumstances clearly showing that the purchase was made with the full knowledge of all the parties, and that the defendant intended to obtain and supposed he had obtained a full title to the land, and not a mere equity. To permit the infant now to disaffirm, without restoring the purchase money, would be allowing him to use his privilege as a sword and not as a shield, which is contrary to a recognized maxim of the law. (See 2 Kent, 276. [*240]; Irwin v. Merill, Dud. [Geo.] 72; 2 Rich. Eq. Rep. 120.)
But the defendant, having out of the purchase-money discharged the claims of the creditors of the fraudulent grantor •on the land, in equity, stands in their right as against the plaintiff. It cannot be disputed but that the plaintiff, if he had- retained the land, could have been legally compelled to .submit to its sale for the benefit of the lienholders and creditors of the fraudulent grantor.
“ The authorities are express, that if an infant does a right act, which he ought to do, and which he was compellable to do, it shall bind him.” 2 Kent, 267 [*243]; Co. Lit. 172, a;3 Burr. 1801. The defendant stands in the shoes of the vol untary grantor of the plaintiff, and of the plaintiff’s oestm «que trusts. lie holds, through the voluntary conveyance of the plaintiff, a title that might be obtained by process of law against him through a judicial sale. He holds it, coupled with the right of the voluntary grantor of the plaintiff, but without his legal disability to enforce it. The plaintiff, therefore, cannot, as against the defendant, be permitted to disaffirm his reconveyance of the title.
In Elliott v. Horn (10 Ala. 348), a case much like this was held to come within the rule above mentioned. In that case a father having entered land in the name of his son, for *109 the purpose of defrauding his creditors, afterwards sold the-land, and by his direction the son conveyed during infancy to the purchaser. On coming of age he conveyed the land to another, who brought suit. It was held, “ that as his conveyance during infancy was such as the law would have compelled him to make, he could not disaffirm it on attaining his-majority.”
The law permits an infant to disaffirm his contracts in conservation of his rights and interests. When no just rights or interests of the infant exist'needing protection, we ought not to be over anxious to convert the privilege which is given-him as a shield, into a weapon of injustice. Sheldon v. Newton, 3 Ohio St. 507; Zouch v. Parsons, 3 Burr. 1800.
Since it was material for the plaintiff to avoid his conveyance to the grantor of the defendant, it was competent for the defendant to give evidence tending to show a state off facts that precluded the plaintiff’s right to disaffirm his deed. As has been shown, the evidence offered by the defendant, to-prove that the conveyance to the plaintiff was voluntary, and made to defraud the creditors of the grantor, was material and pertinent, for the purpose of showing that the conveyance from the father to the son was not by way of gift or advancement, but that the plaintiff held the title in trust. It follows that the court erred in excluding that testimony from the jury; and it also follows that the charge of the-court to the jury, in relation to the unqualified right of the plaintiff to disaffirm his reconveyance of the title to his-grantor, was, under the circumstances of the case, as against the defendant, erroneous.
The district court, therefore, properly reversed the judgment of the court of common pleas.
This view of the case renders it unnecessary for us to express-an opinion upon the other perplexing questions, raised on the second bill of exceptions, which have been ably and elaborately discussed in argument, and upon which it is doubtful if we should find ourselves able to concur in opinion.
It is, however, proper to say, that the ruling of the common pleas, as shown by the first bill of exceptions, is un *110 doubtedly sustained by the great weight of authority referred to in the argument for the plaintiff.
Judgment of the district court affirmed.
Brinkerhoee, C.J., and Scott, Welch, and White, JJ., concurred.