# Flexner & Lichten *v.* Dickerson.

*Action on Written Contract for Payment of Cotton, as Rent.*

1. *Contracts of infants.*—The modern decisions, including our own adjudged cases, have settled these propositions: 1st, that an infant is not liable on any of his contracts, excepting only for necessaries,—the just value of which may be recovered, but not the price agreed to be paid; 2d, that the appointment of an attorney is the only act which an infant is legally incapacitated to perform; 3d, that all other contracts of an infant, whether executed or executory, are only voidable, and may be either ratified or avoided at his election.

2. *Same.*—The plea of infancy is a good defense to an action on a written obligation given for the rent of land, when the action is com-

[Flexner & Lichten v. Dickerson.]

menced before the infant has attained his majority, and before the expiration of the term.

3. *Same.*—Such contract, being executory, can only be ratified by "an express confirmation, or new promise, voluntarily and deliberately made by the infant upon his coming of age, and with knowledge that he is not legally liable." The fact that he retained and sold the crops raised by him is not a ratification or affirmation of the contract.

APPEAL from the Circuit Court of Butler.

Tried before the Hon. JAMES COBB.

This action was brought by appellants, suing as partners, against Thomas Dickerson and Preston Dickerson ; was founded on the defendants' written obligation, dated January 5th, 1878, signed "*Tom and Preston Dickerson,*" and in these words : "On the first day of October, 1878, we promise to pay to Sarah Dickerson one bale cotton, 400 lbs., and one hundred and fifty bush. corn, to be delivered in Greenville, or at some save [safe?] house at the plantation, the same being for rent ; also, the seed out of the above cotton ; " and was commenced by original attachment, sued out on the 16th October, 1878, on the ground that the defendants had removed a portion of the crop from the premises without paying the rent. The plaintiffs sued as the assignees of the writing, and there was a demurrer to the complaint, which the court below sustained ; but the judgment was reversed by this court, and the cause remanded.—*Flexner & Lichten v. Dickerson,* 65 Ala. 72. After the remandment of the cause, the defendants filed a special plea, averring that, "at the time of making the contract mentioned in said complaint, they were both infants under the age of twenty-one years ; " to which the plaintiffs replied, "that said contract is a contract for rent, such as an infant can legally make, and that said defendants entered upon the rented premises, remained in possession thereof, enjoyed the possession, and never disclaimed being the renters." The court sustained a demurrer to this replication ; "and the plaintiffs then pleaded over," as the bill of exceptions recites, "in short by consent, 1st, by taking issue on the plea of infancy ; 2d, that the defendants had ratified and affirmed the contract, whereupon issue was taken." The judgment-entry only recites that the cause was tried on issue joined.

On the trial, as the bill of exceptions recites, the plaintiffs offered in evidence the writing sued on, "and introduced evidence tending to show that defendants rented the lands of Mrs. Sarah Dickerson for the year 1878, and gave said note or contract for the rent of said year ; that they went into the possession of the rented lands, remained in possession during the entire year, without molestation by any one, and were in possession of the crop raised on the place at the time the cotton and corn was levied on ; that they gave a replevy bond for the

[Flexner & Lichten v. Dickerson.]

cotton and corn, which was then delivered to them by the sheriff; that they continued in the possession of the place for the years 1879 and 1880 (but under what contract did not appear), controlling the same, selling and disposing of the same as their own; that the cotton levied on was in the possession of Simpson, their surety, after Preston Dickerson attained his majority, which was after the expiration of said term of renting, by and with their consent; and that they took the corn left, and used it on the place. The defendants introduced proof tending to show that each of them was under twenty-one years of age when said note or contract was made, and did not attain the age of twenty-one until after the expiration of said term of renting, and after the expiration of the year 1878. The evidence was uncontradicted, that at the making of said note or contract, and at the time of the commencement of this suit, and during the whole of the rental year (1878), the defendants were under twenty-one years of age; that the contract sued on was for the year 1878 only; and that the defendants commenced to resist and defend this suit, as soon as it was begun, and have continued so to resist and defend."

On this evidence, the court charged the jury, on the request of the defendants, as follows: "If the jury believe, from the evidence, that the contract which is the foundation of the suit was entered into while the defendants were minors under twenty-one years of age, and was a contract of renting for one year only; and that said contract expired by its terms before either of the defendants arrived at the age of twenty-one years; and that this suit was commenced before the expiration of the year for which the land was rented, and before the defendants became of age,—then they will find for the defendants."

The plaintiffs excepted to this charge, and requested several charges in writing, as follows: 1. "If the jury believe that the defendants rented the premises for the year 1878, and entered into the possession thereof, and continued in the possession under their claim by rent, and did not, either by act, word or deed, disclaim before the rent day; then they will find for the plaintiffs, so far as the plea of minority is concerned." 2. "If the jury are satisfied, from the evidence, that the defendants rented the lands for the year 1878, and gave the note or contract in evidence for the rent, and entered upon the possession of the rented premises under said contract, and continued in the possession during the entire term, receiving and enjoying the fruits of the contract, and in no manner disclaimed before the rent day; then they will find for the plaintiffs, so far as the plea of minority is concerned." 3. "If the jury are satisfied, from the evidence, that the defendants entered upon the possession of the land under said contract of renting for the year

[Flexner & Lichten v. Dickerson.] .

1878, and continued to enjoy the possession during the whole year, without let or hindrance by any one; and that they continued in the possession of the land during the year 1879, without any new contract, holding over (and as there is no proof as to how they held or occupied, it is presumed they held on the terms of the contract of 1878); and if they held over after they attained their majority, under this presumption; then the jury may look to these, together with all other acts and circumstances in the case, to show whether or the defendants affirmed said contract after they attained the majority; and if they are satisfied, from all the facts and circumstances proved in the case, that the defendants affirmed this contract after they attained their majority, they must find for the plaintiffs." 4. "The infancy of the defendants, at the time of the making of the note or contract read in evidence, is no defense to this action, if the jury find that the lease was beneficial to the defendants, and was not waived by them, either by word or deed, before the rent day." 5. "If the jury are satisfied, looking at all the evidence in the case, that acts and declarations of the defend-. ants proved in the case, reasonably considered, imply an affirmance of the contract by them, then they should find for the plaintiffs, notwithstanding their minority at the time of the execution of the contract." The court refused each of these charges, and the plaintiffs duly excepted to their refusal.

The sustaining of the demurrer to the replication, the charge given, and the refusal of the several charges asked, are now assigned as error.

Jno. Gamble, for the appellants.—If a minor take a lease of land, and enter and continue in possession of the claim by rent, he is liable to the same process, and to the same action as an adult, to enforce his contract for rent; and he can only exonerate himself from the obligation to pay rent, by disclaiming before the rent-day comes.—*Railway Co. v. Coombe*, 3 Excheq. 569; *Railway Co. v. McMichael*, 5 Excheq. 126; *Kirten v. Elliott*, 2 Bulst. 69; *Evelyn v. Chichester*, 3 Burr. 1719; Tyler on Infancy, § 122, where these authorities are cited with approbation; 17 Barbour, 149; 6 Wait's Actions and Defenses, 230; 5 *Ib.* 58, 68. Infancy of the lessee, at the time of executing the lease, is no defense to an action for the rent, if the lease is beneficial, and was not waived before rent-day.—4 Wait's A. and D. 272. The contract being voidable only, it might be ratified and affirmed; and the charges asked were intended to present the question of ratification. The refusal of these charges withdrew from the consideration of the jury the evidence relied on as showing a ratification, and was therefore

21

[Flexner & Lichten v. Dickerson.]

erroneous.—*Edgar v. McArn*, 22 Ala. 796; *Pritchett v. Munroe*, 22 Ala. 501; *Reese v. Beck*, 24 Ala. 651; *Upson v. Raiford*, 29 Ala. 188.

J. C. RICHARDSON, *contra*, cited Schouler's Dom. Rel. 539; Ewell's Lead. Cases, 53; ● Amer. Lead. Cases, 5th ed. 300–02; *Philpot v. Bingham*, 55 ● la. 438; *Freeman v. Bradford*, 5 Porter, 272; 26 Amer. ● c. 279; 38 Amer. Dec. 623; 4 Wait's Actions and Defens● 20–21; 7 *Ib.* 129.

SOMERVILLE, J.—The following propositions we consider to be settled by the modern decisions in this country, including our own adjudged cases : 1. Infants are not liable on any of their contracts, excepting only for *necessaries*,—the sum to be recovered in such cases being the just *value of the necessaries*, and not what was agreed to be paid. 2. The only act which an infant is legally incapacitated to perform, is the *appointment of an attorney.* 3. *All other contracts* of infants, whether executory or executed, may be avoided or ratified at the election of the infant, being considered *voidable, and not absolutely void.* *Philpot v. Bingham*, 55 Ala. 435; *Manning v. Johnson*, 26 Ala. 446; *Clark v. Goddard*, 39 Ala. 164; 1 Amer. Lead. Cases (5th ed.), 242, 300; Bishop on Contr. §§ 260–266; 2 Greenl. Ev. §§ 364, *et seq.;* 7 Wait's Act. & Def. 131; *Rainwater v. Durham*, 10 Amer. Dec. 637; *Bool v. Mix*, 17 Wend. 119; *Wheaton v. East*, 5 Yerg. 41; Taylor on Land. & Ten. §§ 93, 96; 2 Brick. Dig. 109, §§ 8, *et seq.*

The obligation here sued on was executed by the appellees while they were minors under the age of twenty-one years. It was given for rent of land for the year 1878, being payable to their mother, and was afterwards assigned to plaintiff. Under this state of facts, the plea of infancy was good, and the court did not err in giving the charge requested by the defendants.

The charges requested by the plaintiffs were properly refused. The record contains no evidence tending to prove a ratification by the defendants of the contract of renting, which was for the year 1878 *only.* The action was commenced in October, 1878, by attachment; and from that time, to the date of trial, the defendants are shown to have been active in their effort to disavow their legal liability, and to resist all recovery by the plaintiff.—*Eureka Co. v. Edwards*, 71 Ala. 248; *McCarthy v. Nicrosi*, at present term *post,* 332. The fact that the defendants retained and sold the crops which were raised by them on the premises, was no affirmation of their contract to pay rent. The consideration of the agreement sued on was not the crops, but the use of the land. It can not be maintained that.

VOL. LXXII.

[Beale v. Posey.]

the appropriation by defendants of the fruits of their labor was such a positive and unequivocal act as to indicate an intention to bind themselves for the rent. Nor is it an act at all inconsistent with the right to repudiate such liability, as would be the sale or conveyance by an infant, after he becomes of age, of the land or personal property itself which he may have purchased, as constituting the *consideration* of the contract. Ratification may be inferred, as often decided, by the infant's continuing to hold and treat the property or thing purchased as his own, or by selling it *after attaining his majority.* Clearly the taking of a new lease for another year, of the same land, after the expiration of the old one, would not come within the influence of this principle.—2 Greenl. Ev. § 367; *Williams v. Mow,* 11 M. & W. 256; *Lawson v. Lovejoy,* 23 Amer. Dec. 526.

The present agreement to pay rent is executory, and having been entered into during infancy, can be ratified only by "an *express confirmation,* or *new promise,* voluntarily and deliberately made by the infant, upon his coming of age, and with knowledge that he is not legally liable."—2 Greenl. Ev. § 367; Bish. on Contr. § 276; *Thompson v. Lay,* 16 Amer. Dec. 325.

We discover no error in the record, and the judgment is affirmed.