19 So.2d 769

**WIGGINS ESTATE CO., Inc., et al. v. JEFFERY et al.**

3 Div. 405.

Supreme Court of Alabama.

Nov. 16, 1944.

184

Leon G. Brooks, of Brewton, for appellants.

C. L. Hybart, of Monroeville, for appellee and cross-appellants.

THOMAS, Justice.

The appeal is from a decree in equity on a bill of review filed under the provisions of Code 1923, §§ 6600–6608, Code 1940, Equity Rules Tit. 7 Appendix. It is a direct attack on the decrees in question.

Vaughan v. Brue et al., 245 Ala. 107, 16 So. 2d 17, 150 A.L.R. 668. A bill of this nature may be challenged as to sufficiency by demurrer. Clements v. Clements, 200 Ala. 529, 76 So. 855; 30 C.J.S., Equity, page 1084, § 648.

We shall consider at length that no tenable ground of demurrer may be sustained to the right of Gerald Stanley Givens to maintain the bill. Mitchell v. Hardie, 84 Ala. 349, 4 So. 182, 183; Stuart v. Strickland, 203 Ala. 502, 83 So. 600; Graves v. Brittingham, 209 Ala. 147, 95 So. 542; Code 1923, § 6607, Equity Rule 66, Code 1940, Tit. 7 Appendix.

The appeal is from a decree overruling demurrers of the respondent to the bill of complaint as to Gerald Stanley Givens, one of the five complainants. The bill seeks to set aside decrees rendered by the circuit court on January 21, 1936, directing the foreclosure of a mortgage on lands; and on April 21, 1936, confirming the sale of said lands under the decree, and rendering a deficiency judgment or decree against these complainants.

The bill of review was filed by the several minors without consent of the court under Equity Rule 66, Code 1940, Tit. 7 Appendix, p. 1099. The substantive right asserted by the bill had accrued in 1938. No ground of demurrer challenged the bill for its filing without consent of the court as it was recognized to be within the amended rule.

Among the old books cited in Planters' & Merchants' Bank v. Dundas et al., 10 Ala. 661, is Perry v. Phelps, 17 Vesey Jr.'s Reports, 177, wherein Lord Chancellor Eldon said of bills of review that, "The question, whether the cause is well decided, will be argued in that shape: not, whether the Decree is right or wrong on the face of it. The cases of error apparent, found in the books, are of this sort; an infant not having a day to show cause &c.; not merely an erroneous judgment."

The matter was considered by Judge Stone in McDougald's Adm'r v. Daugherty, 39 Ala. 409, saying that for error apparent, it is permissible to look to the pleadings, the minute of the testimony of the hearing, the decree of the chancellor, the accompanying opinion on which he states the reasons on which the decree is based and all the proceedings in the original cause, except the testimony. The later cases stating the rule are: Rochelle v. Rochelle, 237 Ala. 530, 187 So. 451; Richards v. William

Beach Hardware Co., 242 Ala. 535, 7 So. 2d 492, touching a case of newly discovered evidence.

A condensed statement of the facts presented by the bill of review filed on August 26, 1941, and a digest of the suit exhibited, leading to the decrees assailed bring within narrow limits the questions to be determined. They are: (1) Whether the court had jurisdiction of the parties and the subject-matter in rendering the decree of January 21, 1936, ordering the foreclosure of the mortgage, and entered said decree without committing an error of law; and (2) whether the decree of April 21, 1936, was likewise within the authority of the court and free from error as to the deficiency judgment.

The facts stated in the pleading are that James Alexander Givens died prior to June 26, 1926, without a will, leaving as his heirs and next of kin Rose E. Givens, his widow, and the following named children: Bertha G. Moll, Angeline G. Taylor and Charles Givens, who were over twenty-one years of age; Rose Marie Givens, Lillian Hozelle Givens, Robert Henley Givens, Susie Kate Givens and Gerald Stanley Givens, who were minors. He owned all of the real estate which is the subject-matter of the suits. The widow was appointed administratrix of his estate and appointed guardian for the five minor children, who are complainants in this bill. On June 26, 1926, Rose E. Givens, individually and as administratrix of said estate, and as guardian of said minors, together with the adult heirs, negotiated a loan of $2,000 from Wiggins Estate Co., Inc., "for the purpose of paying taxes and expenses due upon the real estate belonging to the heirs of the said James Alexander Givens, deceased." A promissory note due June 26, 1927, was given to evidence this loan signed as an individual, as administratrix, and as guardian by Rose E. Givens and by two of the adult heirs, and was delivered to the Wiggins Estate Co., Inc., together with a mortgage on 1,684 acres of real estate, specifically described in Escambia County, Ala.

Default being made in payment of the debt, mortgagee filed a bill to foreclose against the adult heirs and Rose E. Givens, individually, as administratrix, and as guardian of the heirs who were minors when the mortgage was made. The mortgage was signed by Rose E. Givens, individually, and in her representative capacity, and by the adult heirs.

The answer by R. P. Taylor contains denials, alleging that he joined as the husband of an heir, was not liable to a judgment over or for costs, and alleges that he was promised there should be no deficiency judgment against him. The decree following was that of default on personal service by sheriff against all parties except Taylor, and no such judgment was rendered against him. An order of reference followed, reciting that the minors were represented by guardian. A cross bill was filed by Robert H. Givens and Rose Marie Givens Jeffery, praying cancellation of mortgage as a cloud on their title. Kate and Stanley Givens nominated a guardian ad litem who accepted appointment and denied the material allegations. One Williams, as next friend of Stanley and Kate Givens, made them parties to the answer and cross bill filed by Robert Givens and Marie Jeffery, and alleged they were owners of an interest in the property affected by foreclosure. Then followed an order reciting decrees pro confesso against the other heirs. There was submission on reference by complainants' attorneys and the report of the register found due on mortgage $2,330.81, and $349.62 as attorney's fees.

Complainants submitted on the original bill and exhibits, decree pro confesso, answer to cross bill, testimony of the notary before whom the original bill was sworn to and complainants' attorney. "The respondent submitted on answer to bill of complaint as amended and cross bill." It is noted that neither the attorney in fact nor the guardian ad litem contested the validity of the debt of the minors. The decree of sale of June 21, 1936, recites that the money loaned on the mortgage was for preservation of the estate of said heirs; that if Rose E. Givens, as administratrix of the said estate and as guardian of the minors, had applied to the court in the first instance for authority to join the adult heirs in obtaining the loan for the purpose of paying debts then due, the court would have entered a decree authorizing the same; that said loan be ratified and confirmed in all respects as if authorized at the outset and that the interests of the heirs who were minors when the loan was obtained by their guardian should be sold along with the interests of the adult heirs who executed the note and mortgage; and that Rose E. Givens, as administratrix and as guardian, had agreed when she obtained the loan and executed the mortgage that she would if necessary have the same approved and ratified by appropriate proceedings to that end, so that the court would treat as done what in equity and good conscience she should have done. The court further declared (1) a lien upon the lands for the debt with interest and attorneys' fees as shown by the report of the register on the reference and ordered the property sold by the register at public sale after due advertisement; (2) that the amount due the complainants be satisfied with the proceeds of the sale in whole or in part and any surplus paid to the respondents; that (3) if the amount realized should be insufficient to pay the debt and costs, the register should upon confirmation of the sale enter a deficiency judgment and decree against all of the respondents individually as well as Rose E. Givens, as administratrix of said estate and as guardian of the minors, for such sum as should remain due after duly crediting the proceeds of the sale. The register was ordered to report his sale to the court for confirmation or rejection as the court should rule.

After sale and report by the register, the court entered an order of confirmation. On April 21, 1936, on motion of the complainants, it adjudicated the balance due on the debt, after crediting the proceeds of the sale, to be $928.70, and rendered a deficiency judgment for that amount against all the respondents individually and against the administratrix and guardian of this complainant.

A foreclosure deed was made to Wiggins Estate Company, Inc., the mortgagee, purchasing at the sale, conveying to it the real estate embraced in the mortgage. On May 10, 1938, Wiggins Estate Company, Inc., conveyed its title to C. A. Moulton and assigned to him the deficiency judgment rendered in favor of Wiggins Estate Company, Inc., and against respondents in said judgment. On August 1, 1938, execution was issued, and on said judgment the sheriff levied upon a large body of other lands of the respondents, sold the same to appellant C. A. Moulton, and executed and delivered to him the sheriff's deed of date of October 10, 1938, to 1,650 acres of additional lands. The lands dealt with under those decrees aggregated 3,334 acres and the homestead of the minors.

The record shows that the decrees in the court below rested, Turner v. Turner, 193 Ala. 424, 69 So. 503, as to the appellees on the unauthorized actions and admissions of

their guardian. This case was tried under Code 1923, § 6600, Equity Rule 32, Code 1940, Tit. 7 Appendix, and submission had on decrees pro confesso as to the respondents. Howell v. Randle, 171 Ala. 451, 54 So. 563 [8].

The record shows that the pleading did not deal with the minor's interest in the debt and land as "necessaries," and that it was a proceeding by consent, which a guardian may not give in the case before us.

Appellants insist that the bill was barred by the statute of limitation of three years.

(2) That the decree of January 21, 1936, was rendered by the court in the exercise of its proper powers, and after the respondents were properly before the court, and hence that these decrees cannot be attacked by a bill of review.

(3) That the decree of April 21, 1936, was likewise within the jurisdiction of the court and was rendered in the exercise of its lawful powers and that this decree cannot be set aside by a bill of review.

The circuit court eliminated all of the complainants except Gerald Stanley Givens by its rule on demurrers and entered a final decree in the case setting aside the two decrees under attack, holding that Gerald Stanley Givens still owned a one-eighth interest in said real estate, and directing the vacation of said decrees as to him, ordering the cancellation as to him of the foreclosure deed from the register of the court to Wiggins Estate Company, the deed from Wiggins Estate Company touching the lands embraced in that mortgage to C. A. Moulton, and the deed from the sheriff to C. A. Moulton to the other lands of these complainants not embraced in the mortgage. Such is the effect of that decree.

This court has declared of the nature of bills of review that the error must be (1) of substance; (2) prejudicial to the complainant; and (3) the error must appear on the face of the pleading, proceeding or decree. Richards v. William Beach Hardware Co., 242 Ala. 535, 7 So.2d 492; Snead v. Lee, 218 Ala. 44, 117 So. 469; Rochelle v. Rochelle, 237 Ala. 530, 187 So. 451. No question of new evidence was presented.

A phase of the case that will be noted is that the instant bill is not for redemption, but of review for material errors apparent on the face of the record touching the original parties, properties and immediate purchaser. The latter is charged with notice. The party complainant to the foreclosure suit purchased at its own sale was subject to the risk that the judgment may be reviewed or revised. One who is the immediate purchaser from such party litigant is not a bona fide purchaser and is subject to the rules of law touching his grantor. Vaughn et al. v. Brue et al., 245 Ala. 107, 16 So.2d 17, 150 A.L.R. 668, and the many authorities cited, among which are Marks v. Cowles, 61 Ala. 299, etc. It follows that C. A. Moulton by his purchase from the mortgagee purchasing at its foreclosure is ruled by the law that infected the title to the lands, and subjects him to the right of Gerald Stanley Givens.

The ground of demurrer challenging the bill under the statute of limitations, or other grounds assigned, as to Gerald Stanley Givens is not well taken. His bill of review was filed after he had attained his majority and within the statutory limit of three years. Code 1923, § 6608, Equity Rule 66, Code 1940, Tit. 7 Appendix; Code 1923, § 8960, Code 1940, Tit. 7, § 36; Bishop v. Johnson, 242 Ala. 551, 7 So.2d 281. The other appellees cross-assigning error were not so circumstanced as to time after reaching their respective majorities and do not have this right of action against the purchaser at the mortgage foreclosure sale or its assignee.

It is suggested that the status and action of their younger brother (Gerald Stanley Givens) makes it possible for the other minors to insist upon their right of title to the mortgaged and other lands conveyed by the sheriff.

In Winsett v. Winsett, 203 Ala. 373, 83 So. 117, the court held that: "Complainant in suit for partition by sale being a minor recently attaining majority, if he may recover his moiety of the property, the rights of the other joint tenants are saved from the operation of the statute of limitations or of the rule of repose by the infancy of the minor complainant."

This rule, however, has not been extended to a bill of review. Salter v. Odom, 240 Ala. 462, 199 So. 687; Gilb v. O'Neill, 225 Ala. 92, 142 So. 397, 85 A.L.R. 1526; Griffin Lumber Co. v. Neill, 240 Ala. 573, 200 So. 415, 134 A.L.R. 286. It follows that the rule of laches or implied waiver, arising from knowledge of existing conditions, and acquiescence therein by the other complainants (tenants in common) cross assigning error thereon, is applied, the three year statute of limitations after reaching majority

barring all complainants here before the court save only Gerald Stanley Givens, who makes timely assertion of his rights. This rule was recognized and applied in Bailey v. Bond, 237 Ala. 59, 185 So. 411, where the facts varied from those here presented.

The exact question before us was settled in Mitchell v. Hardie, 84 Ala. 349, 4 So. 182, the decision being adverse to the insistence here made by cross assignment of error, to the effect that appellee Gerald Stanley Givens' bill for review and the granting of relief as to him does not open up the right of his brothers and sisters (who were infants at the time of the erroneous decree), and who failed to prosecute their bill for review within three years after expiration of their respective infancies. 30 C.J. Secundum, Equity, p. 1088, § 650.

The insistence of counsel for appellant is that the issues before the trial court in the original suit were whether the act of the guardian and administratrix in borrowing money to relieve the estate of tax liens and other charges and the giving of the mortgage as security for the loan were of such character as that they would have been authorized beforehand as beneficial to the estate of the minors and therefore. sho ld have been ratified. The court after it had ruled on demurrers to the bill which challenged its equity, including the jurisdiction of the court, and after hearing the evidence, decided that the indebtedness incurred was for the benefit of the minors, that the making of the note and the giving of the mortgage would have been authorized by the court in the beginning upon application of the guardian and administratrix, that the mortgage should be foreclosed and that the persons who received the benefit of the loan, including the minors, should have to respond to the complainants for any deficiency so that justice might be done.

Counsel for appellant further insists that where a trustee or guardian changes the character of the property of an infant without authority of a court of equity, the court will nevertheless sanction and confirm the change if that would have been directed in the first place. The case of Warren v. Southall, 224 Ala. 653, 141 So. 632, 634, 38 Am.Rep. 13, quoted from the leading case of Goodman v. Winter, 64 Ala. 410, the established rule in Alabama as to the jurisdiction of a court of equity to deal with a change in character of real estate of an infant, and said: "The chancery court of Lauderdale county in 1928, having jurisdiction of the parties at interest, exercised a. sound discretion for the benefit of the minors by authorizing the parties to borrow money from Southall with a mortgage on their lands. The same being in default is, by this bill, sought to be foreclosed in equity. The present appeal may not attack that proceeding collaterally." See also Christopher v. Chadwick, 223 Ala. 260, 135 So. 454; Warren v. Southall, 224 Ala. 653, 141 So. 632; Birmingham Trust & Savings Co. v. Strong, 239 Ala. 118, 194 So. 200; Denbo v. Sherrill, 241 Ala. 285, 2 So.2d 773. The last cited case relates to the general supervision of courts of equity over minors and their property to their best interest. Later decisions are: Higdon v. Higdon, 243 Ala. 571, 11 So.2d 140; First National Bank of Birmingham v. DeJernett, 229 Ala. 564, 159 So. 73.

What, then, of appellant's rights in the premises touching the error as to the deficiency judgment rendered against Gerald Stanley Givens as to the mortgage and deficiency judgment on the note he did not execute? It was executed by his guardian, secured by mortgage on his interest in lands. held in common with his mother and brothers and sisters. The land in question was not their homestead. The money obtained was to discharge the state tax liens against all the estate of the father James Alexander Givens and was so employed. It thus touched the tax lien on the mortgaged lands. that was foreclosed and purchased by mortgagee and also that levied upon under the deficiency judgment sold by the sheriff to the assignee of the said purchaser at mortgage foreclosure sale and its purchaser and assignee (A. C. Moulton) who stand in the shoes of Wiggins Estate Co., Inc. They are each respondents and now before this court as appellants assigning error.

We cannot know what the trial court, if it had been fully advised, would have provided in its decree to guard against the disastrous result to the infant owners of the land, had their guardian duly applied to the court for authority to execute the note and mortgage. Under these instruments, if there was liability, it was by way of statutes in force on their respective dates of June 26, 1926, and that of the decree of foreclosure and the deficiency judgment; viz, February 18, 1935, and January 21, 1936. The authority for a deficiency decree is by virtue of Code 1923, § 6652; Hamill v. McCalla, 228 Ala. 281, 153 So. 412; Flagg v. Florence Discount Co., 228 Ala. 153, 153

So. 177; Thompson v. Wilson, 224 Ala. 299, 140 So. 439; Qualls v. Union Central Ins. Co., 242 Ala. 619, 7 So.2d 558. The last mentioned section of the Code was not brought forward in the Code of 1940, but this court adopted Rule No. 119½ by order found in 240 Ala. p. xvi, to the effect of § 6652 of Code 1923, for deficiency judgment on foreclosure.

In this state taxes assessed against property create a personal liability of the owner and are a lien against the property duly assessed. Baines Bros. Inv. Co. v. Purdie, 180 Ala. 333, 60 So. 920; Perry County v. Selma, M. & M. R. Co., 58 Ala. 546. This lien is on the property of an infant as well as on an adult. In re Opinions of the Justices, 234 Ala. 358, 175 So. 690; State v. Alabama Educational Foundation, 231 Ala. 11, 163 So. 527. Being a lien on a taxpayer's property, must taxes be treated as a necessity, and an infant held to be liable therefor?

The subject of "necessaries" in relation to the station and circumstances of infants is considered in the voluminous notes of the English and American decisions in 18 Am.St.Rep. p. 650 et seq., and the burden of proof of such necessaries is upon the one who asserts liability. The annotator observed: "The province of the court and the jury in solving the question of necessaries involves a proposition of considerable nicety, and one which is not always as clearly and definitely stated as it might be. The rule, having regard particularly to the latest cases, seems to be this: It is for the court to determine, as a matter of law, in the first place, whether the things supplied may fall within the general classes of necessaries, and if so, whether there is sufficient evidence to warrant the jury in finding that they are necessary. If either of these preliminary inquiries be decided in the negative, it is the duty of the court to nonsuit the plaintiff who seeks to recover from the infant. If they be decided in the affirmative, it is then for the jury to determine whether, under all the circumstances, the things furnished were actually necessary to the position and condition of the infant, as well as their reasonable value, and whether the infant was already sufficiently supplied * * *."

In 14 R.C.L. p. 256, § 34, and p. 269, § 43, it is said: "According to the rule laid down by Lord Coke an infant may bind himself to pay for his meat, drink, apparel, necessary physic, and such other necessaries, and likewise for his good teaching or instruction whereby he may profit himself afterwards, and this, generally speaking, has been accepted as the true doctrine. * * * Whatever is reasonably necessary for the proper and suitable maintenance of the infant in view of his means and prospects, and the customs of the social circle in which he moves and is likely to move, should be included. It has been said that articles of mere luxury or adornment cannot be included; but that useful articles, though of an expensive and luxurious character, may be included if they are reasonable in view of the infant's circumstances. It is for the judge to define the class and character of articles which may be held necessaries; and, if there is evidence creating a reasonable question, it is for the jury to say whether the particular articles sued for fall within the class. * * *."

We have given consideration to the text books and the numerous decisions touching the question of taxes and fail to find a full or satisfying discussion thereof. From this jurisdiction, however, it will be noted that Ragan v. Williams, 220 Ala. 590, 127 So. 190, 191, 68 A.L.R. 1182, contains the following statement: " * * * as to improvements of infants' lands the rule has been applied to labor, material, moneys for taxes, etc.; in society and the home, extended to a bridal outfit and present to the bride, conveyance, servant and livery, mourning apparel, education and service of an attorney. 31 C.J. 1078 * * *."

In 31 C.J. p. 1078, § 175, it is observed that, "The payment of taxes on the property of infants is a necessary," citing Horstmeyer v. Connors, 56 Mo.App. 115, and in that case it is held: "Where special taxes on a building which belongs to infants and adults in common, and is occupied by the infants as a homestead, are paid by a third person at the request of all the owners, the infants are liable for the entire amount; but each *infant is liable only for his own share of* the general taxes so paid, since general taxes are apportionable under the statute." [Italics supplied.]

It will be noted that this last cited case dealt with taxes on an infant's homestead and not taxes in general, and this case has not since been commented upon.

Illuminating notes by Judge Freeman in 18 Am.St.Rep. pp. 569–724, are to the case

of Craig v. Van Bebber, 100 Mo. 584, 13 S. W. 906, considering the extent of an infant's liability. The text of the decision annotated is to the effect that an infant may repudiate a contract executed during minority without returning the consideration, and that this rule applies only where the infant has the property or consideration at the time he attains full age. The annotator begins with the language of Chief Justice Parsons in Baker v. Lovett, 6 Mass. 78, 80, 4 Am.Dec. 88, declaring, " 'The law, therefore, protects their weakness and imbecility so far as to allow them to avoid all their contracts by which they may be injured. But in favor of infants, they are bound by all reasonable contracts for their maintenance and education, and also by all acts which they are obliged by law to do.' * * *."

In Stewart's Adm'r v. Stewart's Heirs, 31 Ala. 207, 213, and in Gilliland v. Fenn, 90 Ala. 230, 237, 239, 8 So. 15, 9 L.R.A. 413, the rule of Elliott v. Horn, 10 Ala. 348, 354, 44 Am.Dec. 488, was followed by Judge Stone. See also Wilson v. Sheppard, 28 Ala. 623, and Sims v. Gunter, 201 Ala. 286, 288, 78 So. 62, 64. In Manning v. Johnson, 26 Ala. 446, 451, 62 Am.Dec. 732, Chief Justice Chilton said: " 'It is now the settled doctrine, that the deed of an infant is not void, but voidable only.' Reeves' Dom.Rel., p. 250, et seq.; Zouch v. Parsons, 3 Burr. 1794; Elliott v. Horn, 10 Ala. 348–354, 44 Am.Dec. 488; Weaver v. Jones, 24 Ala. 420."

The subject of statutory regulation is discussed at great length from the standpoint of English and American decisions affecting deeds of conveyance; purchase of and mortgages on infant's land, and leases of real property. Under the latter subject, it is declared: "In regard to leases made to infants, it has been held in this country that such a lease was not void, but voidable only, and therefore a third person could not attack it on the ground of infancy, in an action in which the lease was drawn into question: Griffith v. Schwenderman, 27 Mo. 412; and again where infants gave written agreement to pay rent, a plea of infancy to an action thereon was good: Flexner v. Dickerson, 72 Ala. 318."

In Flexner v. Dickerson, 72 Ala. 318, 322, it is declared by Mr. Justice Somerville, that: "1. Infants are not liable on any of their contracts, excepting only for *necessaries*,—the sum to be recovered in such cases being the just value of the *necessaries,* and not what was agreed to be paid.

2. The only act which an infant is legally incapacitated to perform, is the *appointment of an attorney*. 3. *All other contracts* of infants, whether executory or executed, may be avoided or ratified at the election of the infant, being considered *voidable, and not absolutely void.* * * *."

■ If tax on an infant's property is a necessary, may he borrow money to pay the same and make a binding contract supervised by the court? When his mortgage for money borrowed for *payment of taxes as a necessity* is being enforced in equity and he is a party and represented by a guardian ad litem, the court should, and presumably did, look after the interest of the infant. In such a proceeding the court had the right to enforce the payment of the mortgage by its foreclosure and to render a deficiency decree under its supervision, if that consideration was money borrowed and discharged a tax lien on the infant's property, assuming that to be a *necessary*. 31 C.J. 1078, note 11; Ragan v. Williams, 220 Ala. 590, 127 So. 190, 68 A.L.R. 1182; Ex parte McFerren, 184 Ala. 223, 63 So. 159, 47 L.R.A.,N.S., 543, Ann. Cas.1915B, 672, was recovery of rents paid and infant received no benefit. All general authorities are collected in 68 A.L.R. 1182; 47 L.R.A.,N.S., 543; Brasher v. Grayson, 217 Ala. 674, 117 So. 301, a dwelling house which was rented.

We are thus forced to a more careful consideration of taxes as a necessary of an infant than has been done by this court in Ragan v. Williams, supra. The general decisions touching leases and mortgages recognize a distinction between infant's home or homestead and general properties on which the taxes accrue. The best case or the more consistent case before us is Horstmeyer v. Connors, 56 Mo.App. 115, to the effect that the infant's contract to pay for repairs of a building occupied as a homestead is not valid as a contract for necessaries but is otherwise as to outlays for taxes where the property so occupied belongs to the infants and to adults in common and a third party at the request of one of the owners pays taxes on it which are due and subject to draw penalties; that the liability of the infant owners will result from such payments if made at the request of an adult owner only; that for the special taxes thus paid the infant owners are answerable for their entire amount, "but the liability of each infant owner for general taxes so paid is limited

to his own share" of them since general taxes are apportionable under the statutes of Missouri. The Presiding Justice quotes from Lord Mansfield in Zouch v. Parsons, 3 Burr. 1801, as follows:

"'Generally, whatso'ever an infant is *bound to do by law* the same shall bind him, albeit he doth it *without* suit by law;' and, again, 'to what end should the law permit a minor to avoid an act, which, in *any* way, through *any* mean, by *any* jurisdiction, he might be compelled to *do over again* after it was undone? It would be assisting him to vex and injure *others,* without the least benefit to *himself.'*

"But, while we fully recognize the liability of the infants upon their respective requests to become answerable for their *respective shares* of the taxes paid, no request can make either of them answerable beyond his share, and *in solido* for the whole amount of the taxes paid. * * * This reasoning does not apply to the special tax bill, which, if paid at all, was bound to be paid as an entirety."

"* * * Keeping these provisions in view, we think the justice of the case is best subserved by permitting the defendant in error, if he so elects, to remit in this court his recovery against the minor defendants, except the amount of $55.35, being the amount of the special tax bill and interest thereon. * * *."

There is analogy in this case as to the chancery court dealing with taxes of minors.

 Under the statutes and constructions thereof, we hold· that taxes against a minor's property are an obligation the law requires him to pay and will be enforced by the sale of his property or procedure in court for enforcement thereof. Thus we hold that taxes are necessaries of a minor as was held in Ragan v. Williams, 220 Ala. 590, 127 So. 190, 68 A.L.R. 1182.

 Adverting to the facts as found by the circuit court in equity, it is apparent that the principal and interest on the indebtedness to pay taxes and the attorneys' fee due under the note and mortgage amounted to $2,737.58. The report of the sale confirmed the purchase of the mortgaged lands by Wiggins Estate Company, Inc., for the sum of $2,000. Deducting the latter amount from the former, the balance is $737.58; and of this amount $349.62 was for attorneys' fee, for which the minor is not liable. When the attorneys' fee of $349.62 is deducted from the balance of $737.58, it results that the amount borrowed for the payment of taxes due by Gerald Stanley Givens and the other heirs is $387.96. But Gerald Stanley Givens is liable for only one-eighth of this amount as his aliquot part of the debt for money to pay taxes or $48.49. It is apparent by inspection of this record that this sum he was not permitted to pay at the time of the foreclosure of the mortgage or provision for deficiency judgment.

The deficiency judgment is therefore excessive as against Gerald Stanley Givens as to the entire amount thereof, except said sum of $48.49. It therefore shows an error on its face as to him and such error operates to vacate the sale under execution issued on that judgment insofar as he is concerned. But relief will not be granted him on that account except upon condition that he shall do equity by paying into the registry of the circuit court in equity said sum of $48.49 within thirty days from this date. If he shall pay said sum without interest, as above authorized, the sale of his interest in the 1,650 acres under execution for the deficiency shall stand vacated and held for naught; and the register shall then so endorse the same on the margin of the record of said sheriff's deed. But, in the event he shall fail to pay said sum as above authorized, all relief shall be denied him and his bill dismissed at his cost. If he shall so comply, the register will issue process· as is necessary to put him in possession of said one-eighth interest in said 1,650 acres jointly with the said C. A. Moulton as owner of the other seven-eighths interest. And if he shall so comply all costs of this cause are taxed against C. A. Moulton; but if he shall not comply, all costs shall be taxed against the said Gerald Stanley Givens.

It is further decreed that this cause be affirmed on the cross-assignments of error.

Corrected and affirmed.

All Justices concur.