On December 12, 1998, K.A.L., who was incarcerated in the Saraland city jail, attempted suicide by hanging herself from the neck with a bedsheet. When jail personnel found her, K.A.L. had no pulse, and cardiopulmonary resuscitation was begun. By the time paramedics arrived, K.A.L. had a "thready" pulse and an agonal respiratory effort. She was immediately transported by ambulance to Springhill Memorial Hospital. Upon her arrival at the hospital, K.A.L. was comatose and her pupils were fixed and dilated. She was intubated and admitted to the intensive-care unit for treatment.
K.A.L. responded positively to treatment during her hospitalization, and she was discharged on December 21, 1998. Residual symptoms from the December 12 incident, during which her brain was deprived of oxygen, consisted of speech difficulties and tremors in her upper extremities. The costs associated with K.A.L.'s December 1998 hospitalization have not been paid.
On December 1, 2001, Southern Medical Business Services ("Southern Medical"), as Springhill Memorial Hospital's assignee, sued K.A.L. and the City of Saraland ("the City") to obtain payment of the medical expenses arising from K.A.L.'s December 1998 admission. The trial court entered a summary judgment in favor of the City and directed the entry of a final judgment pursuant to Rule 54(b), Ala.R.Civ.P.; however, no appeal was taken from that judgment. On July 2, 2002, the trial court entered a summary judgment in favor of Southern Medical and against K.A.L. for $21,562. K.A.L. appeals from that judgment.
On appeal, K.A.L. does not dispute the amount of the debt, nor does she claim that the services for which recovery is sought were not reasonable and necessary; rather, her sole contention is that she is not liable for any charges pertaining to the December 1998 hospitalization because she did not consent to the services rendered.
On a summary-judgment motion, the burden is initially on the movant to make a prima facie showing that there is no genuine issue of material fact and that the movant is entitled to a judgment as a matter of law. Rule 56, Ala.R.Civ.P.; Ex parte Mountain Top Indoor Flea Market, Inc.,699 So.2d 158, 161 (Ala. 1997). The burden does not shift to the opposing party to establish a genuine issue of material fact until the moving party has made a prima facie showing that there is no such issue of material fact. Id. Rule 56 must be read in conjunction with the "substantial evidence rule," § 12-21-12, Ala. Code 1975. Bass v. SouthTrust Bankof Baldwin County, 538 So.2d 794, 797-98 (Ala. 1989). In order to defeat a properly supported summary-judgment motion, the nonmovant must present substantial evidence in support of his or her claims or defenses, i.e., "evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved." West v. Founders Life Assurance Co. ofFlorida, 547 So.2d 870, 871 (Ala. 1989). On appeal from a summary judgment, this court reviews the record in a light most favorable to the nonmovant. Wilma Corp. v. Fleming Foods of Alabama, Inc., 613 So.2d 359
(Ala. 1993).
K.A.L. correctly points out that an account is an item of indebtedness created by express or implied contract. K.A.L. argues on appeal that she could not have expressly consented to the December 1998 medical treatment because she was *Page 108 
unconscious at the time of her admission to the hospital. She further contends that there is not substantial evidence to support a finding of an implied contract between her and the hospital for the December 1998 treatment, and she therefore claims that the trial erred to reversal in entering a summary judgment in favor of Southern Medical.
Southern Medical contends that whether a patient may be held liable for medical services for which no express consent was obtained is a question of first impression in Alabama. However, we find closely analogous a case in which a minor parent was held responsible for medical "necessaries" rendered to her seriously ill infant. See Ex parte Odem, 537 So.2d 919
(Ala. 1988). In that case, our supreme court, citing Flexner v.Dickerson, 72 Ala. 318 (1882), noted the general rule of law in Alabama under which contracts executed by minors are voidable. The Odem court explained that a "voidable" contract could either be ratified or avoided at the election of the minor. After entering into a contract with Children's Hospital of Birmingham for treatment of her sick infant, the mother in Odem subsequently elected to avoid that contract.
Our supreme court concluded that even though the minor mother had elected to avoid her express contract, the minor mother nonetheless had an obligation to pay for her infant son's medical services; according to the Supreme Court, that obligation arose not from the express contract, but instead "from a quasi-contractual relationship created by operation of law which enforces the implied contract to pay." Odem,537 So.2d at 920. Using this rationale, the Odem court imposed upon the mother an obligation to pay for the reasonably necessary medical services, which it found to be the outstanding balance owed to Children's Hospital.[1]
Although the Odem case involved a minor who had avoided an express contract for medically necessary treatment for her infant, the resulting circumstances in Odem are quite similar to the facts in the present case. In both Odem and this case, medically necessary treatment was rendered that was not covered by an express contract concerning financial responsibility. We conclude that our supreme court made it clear in Odem
that the doctrine of quasi-contract would apply under such circumstances to enforce an implied contract between a provider of medical services and the patient (or the patient's legal representative) to pay the reasonable cost of those services.
Further, as Southern Medical points out in its brief, this court held in Shellnutt v. Randolph County Hospital, 469 So.2d 632 (Ala.Civ.App. 1985), that "[w]here . . . there is no evidence of an express contract, an agreement is implied that a hospital will render services and in return receive a reasonable fee for those services." 469 So.2d at 633. In the present case, the evidence demonstrates that K.A.L. was unconscious and in critical condition upon her December 1998 admission, and the hospital rendered necessary medical services to enable her to recover. Southern Medical is clearly entitled to a reasonable fee from K.A.L. for the services rendered during that admission. Accord, Restatement ofRestitution § 116 (1937) (person who has *Page 109 
supplied services to another, although acting without the other's knowledge or consent, is entitled to restitution if, among other things, the services were necessary to prevent the other from suffering serious bodily harm or pain and it was impossible for the other to give consent).
The record reflects that the total charges assessed by Springhill Memorial Hospital for the medical services rendered to K.A.L. upon her December 1998 hospital admission were $17,969.12; in its summary-judgment motion, Southern Medical sought recovery of that amount. A hearing was held on Southern Medical's summary-judgment motion on June 21, 2002; the record does not contain a transcript of that hearing. In its summary judgment in favor of Southern Medical, the trial court awarded Southern Medical $21,562, which is $3,592.88 more than the amount originally sought by Southern Medical.
The record contains a written objection filed by K.A.L. opposing the entry of a proposed summary-judgment order that had been submitted by Southern Medical.[2] In her objection, which was filed after the summary judgment had been entered, K.A.L. challenged the propriety of the larger award; she requested that the court disregard the additional amount proposed as damages by Southern Medical, or in the alternative that Southern Medical be directed to render a full accounting for the additional amount. The trial court denied the objection by a signed notation on the face of the objection. Although Odem indicates that an award of an attorney fee or of collection costs, in addition to the value of necessary medical services, would be erroneous, K.A.L. did not raise this issue in her brief to this court; therefore, this issue is not properly before us on appeal. See Parker v. Downing, 547 So.2d 1180, 1182
(Ala.Civ.App.) (citing Boshell v. Keith, 418 So.2d 89 (Ala. 1982)),cert. denied, 547 So.2d 1185 (Ala. 1988).
The trial court's judgment is due to be affirmed.
AFFIRMED.
Thompson, J., concurs.
Yates, P.J., and Crawley and Murdock, JJ., concur in the result.
[1] The Odem court expressly found that attorney fees were not included within the general class of necessaries, and remanded the matter to the trial court, directing it to amend its judgment to exclude an attorney-fee award. 537 So.2d at 920. As we discuss at some length below, although K.A.L. argued in the trial court that attorney fees erroneously had been included in the amount she was directed to pay Southern Medical, she has not raised that claim of error on appeal.
[2] Southern Medical's proposed order is not contained in the record.